JOHN D. WELDON *vs.* D. ANNIE PRESCOTT.
SAME *vs.* HENRY H. GILMAN & others.

Essex. November 3, 1904. — March 1, 1905.

Present: KNOWLTON, C. J.; LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Way. License.*

In the absence of evidence to the contrary the use of a private way by the public is presumed to be permissive.

One who enters a private way for the purpose of passing through it to his place of business and is called by an abutter on the way into the abutter's place of business and after remaining there a short time enters again upon the way for the purpose of proceeding to his own place of business is a mere licensee, and, if he falls into a hole in the way filled with hot water, he cannot hold the proprietors of the way liable for want of ordinary care.

TWO ACTIONS OF TORT for personal injuries incurred on January 6, 1897, from falling into a hole or excavation filled with hot water, in Phœnix Row in the city of Haverhill, made for the purpose of repairing a leak in a steam pipe extending under Phœnix Row from a building of the defendant in the first case, known as the Hotel Thorndike, to a steam power plant upon the opposite side of Phœnix Row belonging to the same defendant, both of the buildings being occupied by Edward Charlesworth, one of the defendants in the second case. Writs dated January 11, 1899, and January 19, 1901.

In the Superior Court the cases were tried together before

*Stevens*, J.   At the close of the evidence the judge ruled that upon all the evidence the plaintiff was not entitled to recover, and ordered a verdict for the defendant in the first case and a verdict for all of the defendants in the second case.   The plaintiff alleged exceptions.

*M. A. Pingree*, for the plaintiff.

*S. J. Elder*, (*F. H. Pearl* with him,) for the defendants Gilman and Sprigg.

*J. P. Sweeney*, for the defendant Prescott, submitted a brief.

*C. H. Poor & E. B. Fuller*, for the defendant Charlesworth, also submitted a brief.

HAMMOND, J.   Phœnix Row was a private way ; and, while there was evidence that it was used to a considerable extent by the public as such, the presumption, in the absence of anything to the contrary, is that it was constructed and maintained for the use of the owners and occupants of the abutting lands and such other persons as had occasion to visit them, and that the use of it by the public was merely permissive.   *Moffatt* v. *Kenny*, 174 Mass. 311.   In this case there is nothing to control that presumption.

The plaintiff contends that at the time of the accident he was using the street not as one of the public, but as one having business with Shute, a tenant of a portion of the Hotel Thorndike which abutted on the way.   We think there is no foundation for that claim.   Upon the plaintiff's own uncontradicted testimony he entered the way for the purpose of going to his place of business on Washington Street, and with no intention of stopping either at the Hotel Thorndike or any other building or land abutting on the way.   When he arrived about opposite the hotel, Shute "attracted his attention and called him into his (Shute's) place of business."   Shute wished to see the plaintiff "upon a matter of business, and after a few moments' conversation, the plaintiff, together with one Whittier, left" the building and entered upon the way " for the purpose of proceeding to the plaintiff's own place of business."   After proceeding a short distance with that intention, he fell into the hole and was injured.   The purpose of entering the street and passing through it had no reference whatever to his call upon Shute.   That call was a mere episode.   Before he responded to Shute he was upon

the street as one of the public, as a mere licensee, and after he left Shute's store he resumed his original position as such. The principles governing the duty which the owner of land or a building abutting on a private way owes to a mere licensee have been so thoroughly discussed in recent cases that it is necessary only to refer to them. This case is distinguishable from cases like *Holmes* v. *Drew,* 151 Mass. 578, and must be classed with cases like *Moffatt* v. *Kenny,* 174 Mass. 311. Under the principles laid down in the latter case and cases therein cited, it is clear that the evidence would not have warranted a verdict for the plaintiff.

This conclusion as to this part of the case renders it unnecessary to consider the other grounds of defence.

*Exceptions overruled.*