# Kohn, Appellant, *v.* Clark.

*Negligence—Fire escapes—Number of fire escapes—Case for jury.*

1. The statutory duty resting on the owner of a building of three or more stories and used as a factory or workshop, does not end in all cases with the erection of a single fire escape, even though in the detail of its construction it conforms to the requirements of the act.

2. In an action against the owner of a building to recover damages for personal injuries sustained by the plaintiff in escaping from the building while it was on fire, it is reversible error for the trial judge to charge that one external fire escape properly built was a full compliance with the requirements of the Acts of Assembly, where it appears that the building in question was three stories high, and that at the time of the fire sixty-five women, including the plaintiff, were at work on the third floor.

3. In such a case whether one external fire escape was an adequate provision for escape during a fire, considering the size of the building and the number of inmates, and whether it was so arranged as to make it readily accessible, safe and adequate for the escape of the inmates, were clearly questions for the jury. The fact that the fire escape was properly constructed is immaterial.

4. Where an owner of a building supplies an inadequate means of escape, he cannot claim that injuries sustained by a person in escaping from the building while burning, were due to the want of familiarity on the part of the injured person with the means of escape that had been provided. It is not the lack of familiarity with the means of escape, but the inadequacy of the means, that is the proximate cause of the injuries in such a case.

Argued Feb. 20, 1912. Appeal, No. 254, Jan. T., 1911, by plaintiff, from judgment of C. P. Lackawanna Co., May T., 1908, No. 712, on verdict for defendants in case of Ernestine Kohn v. John M. Clark and William H. Clark. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendants.  Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*Will N. Leach,* with him *George Morrow,* for appellant.—The case was for the jury: Godley v. Hagerty, 20 Pa. 387; Carson v. Godley, 26 Pa. 111; Sewell v. Moore, 166 Pa. 570; McLaughlin v. Armfield, 58 Hun. 376 (12 N. Y. Supp. 164); Arnold v. Nat'l Starch Co., 194 N. Y. 42 (86 N. E. Repr. 815).

*Everett Warren,* of *Warren, Knapp & O'Malley* and *O'Brien & Kelly,* with them *Thomas F. Wells,* for appellees.—There was no breach of any duty, whether imposed by statute or by the common law: Schmalzried v. White, 97 Tenn. 36 (36 S. W. Repr. 393); Schott v. Harvey, 105 Pa. 222; Keely v. O'Conner, 106 Pa. 321; Bonbright v. Schoettler, 127 Fed. Repr. 320.

The statutes relating to fire escapes are in derogation of common law rights, are highly penal and must therefore be strictly construed.  They cannot be extended by implication to include any case which is not expressly within their terms: Schott v. Harvey, 105 Pa. 222; Sewell v. Moore, 166 Pa. 570; Com. v. Emsley, 5 Pa. C. C. R. 476.

No act or omission of the defendants was in any way the proximate cause of the plaintiff's injury: Sewell v. Moore, 166 Pa. 570; Baker v. Thompson, 228 Pa. 543.

The real proximate cause of the injury to the plaintiff was the blockade on the external fire escape: Phila. & Reading R. R. Co. v. Boyer, 97 Pa. 91; Oil Creek Allegheny River Ry. Co. v. Keighron, 74 Pa. 316; Baker v. Thompson, 228 Pa. 543; Ring v. Cohoes, 77 N. Y. 83; Ruppert v. Brooklyn, Etc., R. R. Co., 154 N. Y. 90 (47 N.

E. Repr. 971); Fogg v. Nahant, 98 Mass. 578; Harvey
v. R. R. Co., 88 N. Y. 481.

OPINION BY MR. JUSTICE STEWART, April 8, 1912:

The plaintiff was one of a large number of female
operatives in the employ of a company engaged in the
manufacture of underwear, in the city of Scranton.
Some sixty-five of these operatives, including the plain-
tiff, were assigned, for purposes of their work, to a
room on the third and highest floor of a large building
which the company occupied under lease from the de-
fendants, who were the owners. The building was
burned January 17, 1908, at a time when the operatives
were engaged therein. The plaintiff in making her
escape sustained certain injuries. Her effort here was
to recover damages on account of the same from the
defendant, on the ground that the injuries she sustained
are referable to their failure to provide safe and ade-
quate means to escape, as the proximate cause. Bind-
ing instructions were given in favor of the defendants
for two reasons: first, because the fire-escape on the
building complied with the law; and, second, because
the proximate cause of the injury was the inability of
the operatives to properly use the means of escape pro-
vided, due to their unfamiliarity therewith, a condition
over which defendants had no control. The appeal
challenges the law as stated by the trial judge, and his
conclusions of fact in regard to the proximate cause as
well. As to the first, we are of opinion it was error to
hold as matter of law that the one external fire escape
which was constructed against the building, was full
compliance with the requirements of the act of assem-
bly. That this fire-escape was of proper construction
and was maintained in satisfactory working condition
abundantly appears; but, it is a mistake to suppose that
the statutory duty resting on the owner of a building of
three or more stories and used as a factory, or work-
shop, ends in all cases with the erection of a single fire-

escape, even though in the details of its construction it conforms to the requirements of the act. True, the Act of July 12, 1897, P. L. 259, requires that "every such building in which employees or operatives are usually employed at work in the third or higher story shall be provided with a permanent, safe, external means of escape therefrom in case of fire, independent of all internal stairways" and it defines the degree of slant such external escape shall have and the size of the steps; but it contains this further provision, not to be overlooked: "The number and location of such escapes to be governed by the size of the building and the number of its inmates and arranged in such a way as to make them reasonably accessible, safe and adequate for the escape of said inmates." Whether the one external fire-escape that was here constructed was an adequate provision for escape during a fire, considering the size of the building and the number of inmates, and whether it was so arranged as to make it readily accessible, safe and adequate for the escape of the inmates, were clearly questions for the jury. We have no disposition to weaken by refinement of construction the obligation which this wise and salutary legislation imposes on the owners of such buildings. The act provides an easy way by which they may relieve themselves of responsibility. If they would avoid having a jury, in the event of fire, pass upon the question of their full compliance with the requirements of the act, all they have to do, in advance of any loss or injury, is to obtain from the proper officials a certificate that the provision they have made is adequate and in compliance with the law. Failing to do this, the jury is the only tribunal that can decide the question. It is nothing to the point to argue that here a number of witnesses called by defendants testified that the fire-escape that was attached to the building was properly constructed; that it was of the design that ordinarily obtains; and that their testimony was uncontradicted. Not one of these witnesses says

that, having regard to the size of the building and the number of inmates, that it was "readily accessible, safe and adequate for the escape of the inmates," which was the true question in the case.

So too we think the question of proximate cause was for the jury. It may be that one cause of plaintiff's failure to escape unhurt was want of familiarity on the part of the operatives with the means of escape that had been provided; but, suppose the means provided were found to be short of what the law requires—a matter which the jury as we have said alone could determine—in such case to hold want of familiarity to have been the proximate cause, is to imply a duty on the part of the employer to make good the owner's default, by instructing and training his employees as to the best way of using inadequate means of escape. However much such instruction and training might have conduced to safety, no statutory duty required it. What the learned trial judge held to be an intervening, and therefore proximate cause, was certainly one not chargeable to this plaintiff. Not only so, but it was one over which every owner of a building used as this was has abundant reason to anticipate. Orderly procession out of a burning building containing on its third floor sixty-five inmates is hardly to be expected.

In what has been said the reference is to the one particular act of negligence that is sufficiently declared upon in the statement of claim.

The judgment is reversed and venire de novo awarded.