(86 South. 32)

**WEST v. SPRATLING.   (3 Div. 399.)**

(Supreme Court of Alabama. June 10, 1920. Rehearing Denied June 30, 1920.)

**1. Innkeepers ⬤⟳10—Complaint in action for death of guest because fire escapes not "located" securely held sufficient.**

In an action for the death of plaintiff's intestate through the burning of a hotel owned by defendant, a complaint based on the violation of defendant's duty, under Code 1907, § 7095, to have "securely fixed and conveniently arranged" good and sufficient fire escapes for each story of the building, was not defective because it charged that defendant's hotel was not equipped with good and sufficient fire escapes "located securely and conveniently arranged"; "located" meaning fixed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Locate.]

**2. Innkeepers ⬤⟳10—Sufficiency of fire escapes held for jury.**

In such action, whether one fire escape for the building constituted a negligent or improper equipment *held* a question of fact for the jury,

**3. Pleading ☞7—Inferences must be charged where facts alleged are equivocal.**

When facts charged are equivocal, that is, when they reasonably permit, but do not demand, the inference on which the pleader relies, it is necessary that he should color the facts by drawing the inference in question and charging it as a fact.

**4. Pleading ☞193(1)—Trial ☞143—Whether fact inferred is supported by facts alleged question for court on demurrer, but whether inference is supported is question for jury.**

Where the pleader justifiably charges an inference as a fact, whether the facts stated may support the inference charged is a question of law for the court and may be tested on demurrer, but whether they do support the inference is a question of fact for the jury.

**5. Pleading ☞192(3)—Charge of negligence not defective as setting up negligence as a matter of law.**

In an action by an administratrix for the death of her intestate by the burning of defendant's hotel, a complaint charging that there was only one fire escape 200 feet from the room occupied by intestate, "from which he was cut off by the fire, which was negligence," held not demurrable as setting up as a matter of law that one fire escape was negligent or improper equipment.

**6. Pleading ☞192(3)—Complaint in death action not demurrable as setting up negligence as matter of law.**

A complaint in an action for the death of a hotel guest by the burning of the hotel, a complaint charging that the hotel was equipped with but one fire escape, which was not in compliance with Code 1907, § 7095, held not demurrable as setting up negligence as a matter of law.

**7. Innkeepers ☞10—Complaint not demurrable as failing to negative sufficient equipment of fire ladders.**

In an action for the death of a hotel guest through the burning of the hotel, a complaint charging that the building had only one fire escape held not demurrable as conceding that it might have been equipped with abundant fire ladders.

**8. Innkeepers ☞10—"Fire escapes" include fire ladders.**

A fire ladder is a fire escape, and "fire escapes", used in complaint for death of a person in a hotel fire, include fire ladders of such sort and location as to permit safe descent of persons caught in a building on fire.

**9. Witnesses ☞388(2)—Contradiction of deposition held properly excluded, where no foundation was laid.**

In an action for the death of a hotel guest through the burning of the hotel, a question to a witness who had attempted to rescue the decedent as to whether a third person had not asked him what the hotel clerk had said as to the number of the room decedent was in, held properly excluded, where it would contradict a statement by the third person in his deposition as a witness; no predicate having been laid therefor.

**10. Appeal and error ☞971(6)—Allowance or rejection of questions to test memory of witness in sound discretion of court.**

Allowance or rejection of questions to test the memory of the witness as to events which he has narrated rests in the sound discretion of the trial court, the exercise of which will not be reviewed unless clearly oppressive and prejudicial.

**11. Innkeepers ☞10—Nature of building material held relevant as to sufficiency of fire escapes.**

In an action for the death of a hotel guest through the burning of the hotel, based on the alleged insufficiency of fire escapes, the structure of the hotel and the nature of its building material held relevant to the sufficiency of the fire escapes provided.

**12. Innkeepers ☞10—Whether statutory duty of maintaining fire escapes breached held for jury.**

Whether the evidence established a breach of the defendant's duty, under Code 1907, § 7095, to provide adequate fire escapes, held for the jury.

**13. Innkeepers ☞10—Breach of duty to warn guest of fire held for jury under evidence.**

Whether evidence established a breach by the owner of the hotel of the common-law duty to seasonably warn the guest held for the jury.

**14. Innkeepers ☞10—Failure to select other means of escape not a defense where fire escapes inadequate.**

If the hotel keeper had breached his statutory duty to provide adequate fire escapes, he cannot be heard to say that his dereliction was not the cause of the guest's death, because of guest's failure to intelligently select and resort to other means of escape.

**15. Innkeepers ☞5—Balcony or interior staircase not "fire escape," within statute.**

Neither a balcony nor an interior staircase in a hotel can be regarded as a "fire escape," within Code 1907, § 7095.

**16. Innkeepers ☞10—Evidence held to show that failure to warn guest of fire was proximate cause of death.**

Evidence held to sustain a finding that the hotel clerk's failure to warn the deceased was the proximate cause of his death.

**17. Innkeepers ☞10—Variance in action for wrongful death of guest held immaterial.**

Where the complaint alleged that intestate came to his death while in bed asleep, and the evidence showed that he had risen from his bed and left his room to escape the fire, the variance was immaterial, as not affecting defendant's duty to the guest.

**18. Trial ☞169—Advantage of variance cannot be taken by affirmative charge.**

Advantage cannot be taken of a supposed variance merely by a request for a general af-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

firmative charge, where a permissible amendment of the complaint would remove the variance.

**19. Trial �köm251(8)—Instruction based on contributory negligence properly refused where not pleaded.**

In an action against a hotel keeper for the death of a guest through the burning of the hotel, a charge based upon contributory negligence of decedent *held* properly refused, where such negligence was not pleaded.

**20. Trial ⊸240, 244(4)—Instruction held properly refused as argumentative and as singling out evidence.**

In an action against a hotel keeper for the death of a guest through the burning of a hotel, an instruction that the fact that decedent was registered as a guest did not of itself rest the presumption that defendant or his servants knew he was asleep or occupying the room when the fire broke out *held* properly refused as argumentative and as singling out evidence.

**21. Trial ⊸296(3)—Instruction defining due care held harmless error when considered with other instructions.**

In an action against an innkeeper for the death of a guest through the burning of a hotel, an instruction that if plaintiff's intestate was in danger of losing his life due care and diligence required defendant to do everything that gave reasonable promise of the preservation of his life, regardless of difficulties, *held* not reversible error when considered with other instructions.

**22. Innkeepers ⊸10—Duty to warn guest need not be performed regardless of all difficulties.**

An instruction in such action that the duty to warn one who is in peril of his life must be performed regardless of all difficulties *held* erroneous.

**23. Death ⊸99(4)—$15,000 not excessive for death of railway conductor.**

In a wife's action against an innkeeper for the death of her husband, who was a railway conductor, a verdict of $15,000 *held* not excessive.

Anderson, C. J., and McClellan and Thomas, JJ., dissenting.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Mrs. Nena K. Spratling, as administratrix of the estate of B. B. Spratling, deceased, against Mrs. D. P. West for damages for the death of her husband. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff's intestate's death occurred in a hotel fire in the city of Montgomery in the daytime. The building was a three-story building known as the Windsor Hotel, owned by defendant in this case, and the plaintiff's intestate was a conductor on the Western Railway of Alabama, living in Atlanta, but occupying a room in said building regularly

when at this end of his run. On the day of the fire, and before the fire, he had gone to his room, and was burned to death in the fire.

The other facts sufficiently appear from the opinion of the court.

Charge A, refused to the defendant, was as follows:

"The plaintiff's intestate is presumed to have had the usual and ordinary senses of sight and hearing, and that he would naturally, on learning that there was a fire in any part of the hotel, take such means of escape from the building as a man of usual and ordinary prudence would do; and if the jury find from the evidence that Mr. Spratling acted negligently, either in returning or in attempting to return to his room for his belongings, or, knowing that there was a safe iron balcony just in front of the room, negligently failed to get out thereon, and that such negligence contributed proximately, even in the slightest degree, to his death, plaintiff cannot recover."

Charge B:

"The fact that Mr. Spratling was a guest at the hotel and was registered as having room 68 does not alone, of itself, raise the presumption that defendant and her agents and servants knew that he was asleep or occupying such room in the middle of the day, when the fire broke out."

There was verdict and judgment in the sum of $15,000 for plaintiff.

Rushton, Williams & Crenshaw and Hill, Hill, Whiting & Thomas, all of Montgomery, for appellant.

A complaint based on statutory rights should follow the statutory terms. 171 Ala. 274, 55 South. 185. Whether one external fire escape is an adequate provision under the facts in this case was a jury question. 236 Pa. 18, 84 Atl. 692. The complaint charging the quo modo must state facts which in themselves amount to negligence. 112 Ala. 642, 20 South. 1003; 149 Ala. 533, 43 South. 33; 159 Ala. 280, 48 South. 682; 47 South. 138; 7 Ala. App. 588, 62 South. 253. Where testimony is offered in support of a faulty count, and the general charge is asked and refused thereto, overruling demurrers to such count is error. 190 Ala. 126, 67 South. 414; 192 Ala. 576, 69 South. 4; 193 Ala. 616, 69 South. 137; 197 Ala. 361, 72 South. 543; 202 Ala. 422, 80 South. 806. All matters forming the res gestæ are admissible. 97 Ala. 261, 12 South. 714; 134 Ala. 238, 32 South. 684; 178 Ala. 636, 59 South. 461; 179 Ala. 317, 60 South. 82; 16 Cyc. 1176. Questions testing the memory or accuracy or knowledge of a witness as to material matters are permissible. 3 Ala. App. 497, 57 South. 510; 40 Cyc. 2489. An abstract proposition of law stated in a charge, calculated to prejudice the other party, is error. 73

Ala. 446; 144 Ala. 106, 42 South. 30. Charges affirmatively misstating the measure of duty are seriously prejudicial. 193 Ala. 614, 69 South. 137. The plaintiff has the burden of showing causal connection between negligence and injury. 197 Ala. 473, 73 South. 33.

Hill & Adams, of Atlanta, Ga., and John R. Tyson, of Montgomery, for appellee.

At common law an innkeeper is bound to exercise reasonable care for the safety and protection of his guest. 239 U. S. 426, 36 Sup. Ct. 147, 60 L. Ed. 364; 14 R. C. L. 506; 22 Cyc. 1080. Under the statutes of Alabama, a hotel must be equipped with good and sufficient fire escapes, securely fixed and conveniently arranged, accessible to the guests. Section 7095, Code 1907; 201 Ala. 94, 77 South. 388; 201 Ala. 368, 78 South. 224. The violation of a statute gives a cause of action to a party proximately injured therefrom. Authorities supra, and 149 Ala. 316, 42 South. 827; 192 Ill. 601, 61 N. E. 851, 58 L. R. A. 277, 85 Am. St. Rep. 357; 100 Neb. 510, 160 N. W. 742, L. R. A. 1917C, 1146, Ann. Cas. 1917E, 847. The peculiar temperament of a superintendent cannot measure the liability of his employer. 121 Ala. 50, 25 South. 793, 77 Am. St. Rep. 17. Contributory negligence must be specially pleaded. 97 Ala. 141, 12 South. 86.

SOMERVILLE, J. [1] The only objection urged against the sufficiency of the third count of the complaint, which is based upon the alleged violation of defendant's duty, under section 7095 of the Code, "to have securely fixed and conveniently arranged so as to be accessible to persons lodging in * * * such building, * * * good and sufficient fire escapes or ladders for each story of said building," is that it charges that defendant's hotel was not equipped with good and sufficient fire escapes "located securely and conveniently arranged." Defendant's theory is that the use of the phrase "located securely," instead of the statutory phrase "securely fixed," is a substantial departure therefrom, and imports a different duty. According to Worcester's and other dictionaries, "located" means fixed, and was clearly used in that sense here. The objection is hypercritical, and cannot be sustained.

[2-5] Count 5 alleges that—

"Said hotel * * * was not properly equipped with fire escapes or ladders, said hotel [more than two stories high] being about 200 feet long and about 120 feet wide, with only one fire escape or ladder at the end of said building, about 200 feet or more from the room occupied by plaintiff's intestate, from which he was cut off by the fire, which was negligence."

The criticism of this count is that it sets up, as matter of law, that one fire escape for such a building is a negligent or improper equipment, which is a question of fact

204 ALA.—31

for the jury. It is, of course, a question of fact for the jury, but the fallacy of the criticism lies in the assumption that negligence or insufficiency is charged as a matter of law. On the contrary, it is charged as an inference of fact—a conclusion deducible from the character, dimensions, and uses of the building. When facts charged are equivocal, that is, when they reasonably permit, but do not demand, the inference upon which the pleader relies, it is necessary that he should color the facts by drawing the inference in question and charging it as a fact. Norton v. Randolph, 176 Ala. 381, 58 South. 283, 40 L. R. A. (N. S.) 129, Ann. Cas. 1915A, 714; Skipper v. Holloway, 191 Ala. 190, 67 South. 991; Shelby Iron Co. v. Bierly, 202 Ala. 422, 80 South. 806; Shelby Iron Co. v. Bean, 82 South. 92.[1] Whether the facts stated may support the inference charged is a question of law for the court, and this may be tested by demurrer. Whether they do support the inference is a question of fact for the jury. As we read this count, it is not subject to the demurrer.

Count "A," after describing the building somewhat more specifically, showing that it contained about 60 bedrooms and that the intestate occupied a room on the third floor, alleges that the building "had only one fire escape for the occupants or guests of said hotel, located at one end of said building, a distance of about 200 feet from the room occupied at the time of the fire by plaintiff's intestate, and that the fire originated in the part of the building between the room occupied by plaintiff's intestate and the fire escape." It then proceeds to charge a violation by defendant of section 7095 of the Code, "by lodging plaintiff's intestate as a guest in a hotel not equipped with good and sufficient fire escapes or ladders, securely fixed and conveniently arranged, so as to be accessible to plaintiff's intestate."

[6-8] The same objection is made to this count as was made to count 5, and which for the same reason must be held to be without merit. It is further urged that the statement that the building had only one fire escape must be taken, on demurrer, as a concession that it was otherwise, and perhaps abundantly, equipped with fire ladders, notwithstanding the specific negation later on of any such equipment. This contention is manifestly without merit. The allegations of the count must be construed as a whole, and not separately, and so construed the negation of the presence of ladders is positive and sufficient. Moreover, we do not think the phrase "fire escapes or ladders" was intended to describe distinct and different means or agencies, but rather to use an enlarged description of the same thing, ex majore cautela. Certainly a fire ladder is a

---

[1] 203 Ala. 78.

fire escape, and "fire escapes" would include fire ladders of such sort and location as to permit the safe descent thereon of persons caught in a building on fire.

[9, 10] The trial court cannot be held in error for excluding the question propounded by defendant on cross-examination to plaintiff's witness Cox, viz.:

"While you were going into that building, and after you had gotten into the building, got near the steps and started up the steps, did not Mask ask you, 'What number did the clerk say that Mr. Spratling was in?'"

Cox had testified that he and Mask, while the fire was in progress, went into the building looking for Spratling, and that he asked Heaphy, the hotel clerk, where Spratling was; that according to his best recollection Heaphy said he was in room 92; that he and Mask then went into the building and were told there was no room 92; that they went back and inquired of Heaphy again, whereupon he told them Spratling was in room 68. The answer indicated by this question to Cox would have presented a statement by Mask in contradiction of certain statements made by Mask in his deposition as a witness for plaintiff. No predicate having been laid therefor, it was obviously inadmissible for that purpose. It was in no sense a part of the res gestæ of any event relevant to the issues of the case, and which could be thus illustrated or explained. If, as urged, it was apt and proper to test the memory of Cox as to the events he had narrated, its allowance or rejection rested in the sound discretion of the trial court, the exercise of which will not be reviewed unless it was clearly oppressive and prejudicial. Treadwell v. State, 168 Ala. 96, 53 South. 290. We cannot so pronounce it here.

[11] The structure of the hotel and the nature of its building material were relevant to the question of the sufficiency of the fire escapes provided, since they might aggravate the danger of a guest's isolation and render combustion more or less rapid, in case of a fire. Plaintiff was therefore properly allowed to show by the witness Kline that the interior or partition walls were constructed of plaster and laths, without regard to any city ordinance on the subject. Moreover, two other witnesses had already so testified without objection from defendant.

[12, 13] Whether or not the evidence established a breach of defendant's duty under section 7095 of the Code, or of her common-law duty to seasonably warn plaintiff's intestate, a guest of the hotel, of a danger to which she knew or should have known he was exposed by this fire, were very clearly questions of fact for the jury. Defendant insists, however, that the evidence is without any tendency to show that intestate's death in the hotel was the proximate result of such negligence, in either aspect of the case.

In support of this contention it is urged: (1) That intestate knew of the existence of an interior stairway at the south end of the building, one door removed from his room, leading to the lower floor, and also knew of the existence of an iron balcony just outside the window of his room, and that his resort to either of these facilities, which were open to him, would have preserved his life, regardless of the absence of a convenient fire escape; and (2) that the fact that he left his room before suffocation or incineration occurred shows conclusively that he had sufficient warning of the fire.

1. If the jury found, as they properly could, that defendant was negligent in not providing one or more fire escapes for the south end of the building which would have been accessible to intestate, and its presence made known to him by an appropriate signboard or other notice, they could also have reasonably found that such a facility would have saved his life.

[14, 15] There is nothing in the evidence to show that intestate knew of the existence of the little balcony outside of his window, for it appears that he had never occupied that particular room before. It is possible that he might have safely escaped down the stairway at the south end, not far from his room door, but the evidence permits the inference that this stairway and all other openings were flooded with smoke, and may have appeared impassable to him, at the time he emerged from his doorway into the hall. But, however that may be, if defendant breached her statutory duty to provide external fire escapes as demanded by the situation, she cannot be heard to say that her dereliction was not the cause of a guest's death because of his failure to intelligently select and resort to an internal means of descent, the efficacy of which could only have become known to him by testing it—possibly to run into still greater danger. Kohn v. Clark, 236 Pa. 18, 84 Atl. 692, Ann. Cas. 1913E, 775. And we may remark here, responding to a contention made by defendant, that neither a balcony nor an interior staircase can be regarded as a "fire escape" within the meaning of the statute (Code, § 7095). We adopt as correct the views expressed by Mr. Justice McClellan in his concurring opinion in B. R., L. & P. Co. v. Buff, 201 Ala. 94, 77 South. 388, 390.

There was no plea of contributory negligence, and the question of intestate's due care and diligence is not presented.

[16] 2. It was open to the jury to find that defendant, through her responsible agent, the hotel clerk, knew of the presence of intestate in room 68, and that he was probably sound asleep and unconscious of

the fire; that there was ample opportunity to arouse and warn him of the situation; and that the failure of defendant or of her said agent to discharge this clear and imperative duty at a time when it would have been effective was the proximate cause of his death.

We conclude, therefore, that the trial court properly refused to give for defendant the general affirmative charge as to the whole case.

[17, 18] Defendant also insists that she was entitled to the general affirmative charge as to some of the several counts of the complaint, for the reason that it is therein alleged that intestate came to his death "while in bed asleep." No doubt there was a technical variance in the proof, which showed without dispute that he had arisen from his bed and left his room in the effort to escape, either by way of his former room across the hall, or down the hallway towards the staircase leading to the lower floor. It is clear, however, that this variance as to the exact place of his death did not vary the duty owed by defendant to intestate. in either aspect of the case as presented to the court, and could not have misled defendant as to the requirements of her defense. B. R., L. & P. Co. v. Lide, 177 Ala. 400, 58 South. 990; South. Ry. Co. v. Lee, 167 Ala. 268, 52 South. 648. Moreover, advantage cannot be taken of a supposed variance merely by a request for the general affirmative charge, where a permissible amendment of the complaint would remove the variance. Cir. Ct. rule 34, 175 Ala. xxi. The record does not show that defendant in any way complied with this rule. Error cannot be visited upon the refusal of the court to give these charges.

[19] Charge "A," predicated upon the contributory negligence of intestate, was properly refused, for the reason that such negligence was not pleaded and was therefore not available for defense.

[20] Charge "B" was properly refused because it was argumentative, and singled out a part of the evidence while ignoring other related evidence which tended to show defendant's knowledge that intestate, after a night trip on his engine, had retired to his room for the sole purpose, as was his habit, of going to bed and sleeping through the forenoon. L. & N. R. R. Co. v. Webb, 97 Ala. 308, 12 South. 374. It appears also that the trial judge instructed the jury in his oral charge that defendant knew that intestate was in the hotel, which, under the evidence, was tantamount to saying that she knew he was in his room, and that defendant, through her counsel, waived exception to the oral charge. There was therefore no field for the operation of the special instruction in question.

At plaintiff's request the trial judge instructed the jury:

"That if they believe that plaintiff's intestate was in danger of losing his life, due care and diligence required the defendant to do everything that gave reasonable promise of the preservation of the life of plaintiff's intestate, regardless of difficulties."

This definition of due care and diligence in the emergency of definitely known peril to human life is taken from the opinion of McClellan, C. J., in the case of Bessemer, etc., Co. v. Campbell, 121 Ala. 50, 59, 25 South. 793, 77 Am. St. Rep. 17, where it was stated in the abstract, but, of course, with reference to the imprisoned miner who lost his life in the burning mine, and the duty of the superintendent as to the means to be employed for his rescue. That case is reviewed by Judge Freeman in his note to Wellston Coal Co. v. Smith (Ohio) 87 Am. St. Rep. 547, 566, with the observation that the language quoted "would seem, as a matter of law, to lay down a rule of diligence entirely too rigid and exacting to be deemed 'reasonable.'" However, as thus abstractly stated, it has been accepted in this state as a sound corollary to the familiar rule of due care and diligence under the circumstances of the case. Given in the form of an instruction, and standing alone, it would no doubt be capable of misleading, and would probably mislead, the jury to the prejudice of a defendant who owed the duty of exercising due care and diligence in the premises. If so, the defendant may request explanatory charges, and so remove that danger.

[21] In the instant case, taken, as it must have been, in connection with the oral charge and the special instructions given to the jury, we do not think it misled the jury by creating in their minds the impression that defendant owed to intestate any greater duty than she owed to other guests. Heaphy, the hotel clerk, testified that when the alarm of fire was given he promptly rang the telephone call bell in all of the bedrooms of the hotel, but got no response. He detailed his subsequent activities during the progress of the fire, including his efforts to warn and save the night clerk, Rouse, by going up on the third floor, and incidentally passing within two doors of intestate's room without calling him. The instruction in question was clearly intended to direct the jury's attention to the insufficiency of an abortive attempt to warn by a telephone call if the attempt to reach intestate's room and warn him directly and personally offered reasonable promise of success. This was in fact the issue.

[22] It is certainly true that an instruction that a duty to warn one who is in peril of his life must be performed regardless of all difficulties is too broad a statement of the law, if it be considered alone and taken in its literal sense. But, as applied to the

circumstances here shown, and read in connection with the explanations of the oral charge, we cannot see that it was prejudicially misleading, though under other conditions it might well be so regarded.

[23] The amount of damages to be awarded was in the sound discretion of the jury, and we find no warrant in the evidence for setting aside this verdict as excessive.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., dissent.