THOMAS W. REESE, Appellant, v. KENYON COMPANY, INCORPO-
RATED, Appellee.

**NEGLIGENCE:** Use of Lands—Care As to Trespassers. An owner or
occupant of land is under no legal obligation to guard an excavation
thereon so that a *trespasser* may not fall therein.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 13, 1924.

ACTION for damages for personal injuries sustained by the plaintiff by falling into an opening on property claimed to be occupied by the defendant. The court directed a verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*S. G. Van Auken* and *Thurlow T. Taft,* for appellant.

*W. M. McLaughlin* and *Parrish, Cohen, Guthrie & Watters,* for appellee.

FAVILLE, J.—Appellee is the lessee of a brick building located on Grand Avenue, in the city of Des Moines, between Third and Fourth Streets, on the north side of the street. In the rear of this building is an alley, running north and south through the block. On the night of the transaction in controversy, appellant had been attending a dance in a hall in the same block in which appellee's building is located. It was a dark night, and sometime during the evening, appellant left the dance hall and went along Grand Avenue to the public alley in question. This alley is paved, but was unlighted, and was without barricades. He followed this alley a distance of some 112 feet northward from the street, when he came to a passage-

way which extended east and west along appellee's building. As we understand the record, this passageway was practically even with the public alley. It is about ten feet in width, and is paved for about fifty feet from the place where it joins the public alley. At the east end of the passageway is an excavation which permits light to enter the basement windows of the building. This excavation is unguarded. The passageway is 112 feet north from Grand Avenue. Appellant went with a companion from the dance hall down Grand Avenue and up the public alley to this passageway next to appellee's building, and then turned therein for the purpose of urinating. Having done this, he passed on to the east, and fell into the excavation referred to, and suffered the injuries for which damages are sought.

The only question in the case is whether appellee owed to appellant any duty to light this private passageway or to guard the same so as to protect strangers who might enter therein, from any injury they might suffer. There is nothing whatever in the record to show that appellant or others were in the habit of entering this passageway, which was used solely by appellee for private purposes in connection with its business. There is no claim that it had ever been used by appellant before, or that anyone except the employees of appellee had ever used it; so there is no proof whatever that appellant was a licensee. Neither is there anything to sustain any conclusion that appellant was an invitee.

The premises were private premises. The passageway was constructed for private usage, and the excavation was fifty feet from the place where the passageway opened into the public alley. There is no escape from the conclusion that appellant was a trespasser upon the premises at the time, and that appellee owed him no other duty than that which is due to a trespasser; and in this connection there is no proof whatever that appellee had any information of any kind or character that appellant was upon the premises. The rules of law in cases of this character are not doubtful, but are well established. As bearing somewhat on the questions herein discussed, see *Keeran v. Spurgeon Mercantile Co.*, 194 Iowa 1240; *Ratte v. Dawson*, 50

Minn. 450 (52 N. W. 965); *Klix v. Nieman*, 68 Wis. 271 (32 N. W. 223); *Weldon v. Prescott*, 187 Mass. 415 (73 N. E. 536); *Bowler v. Pacific Mills*, 200 Mass. 364 (21 L. R. A. [N. S.] 976); *Ryan v. Towar*, 128 Mich. 463 (55 L. R. A. 310); *Habina v. Twin City Gen. Elec. Co.*, 150 Mich. 41 (113 N. W. 586); *Etheredge v. Central of Ga. R. Co.*, 122 Ga. 853 (50 S. E. 1003); *Mineral City v. Gilbow*, 81 Ohio St. 263 (90 N. E. 800); *Collins v. Decker*, 120 App. Div. 645 (105 N. Y. Supp. 357).

The trial court properly directed a verdict in behalf of appellee, and the judgment appealed from is, therefore,—*Affirmed.*

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.

PRESTON, J., dissents, on the ground that the case presented a question for the jury, in his opinion.