AGNES BELL, Appellant, v. E. L. DAUGHERTY, Appellee.

INNKEEPERS: Negligence—Care Required. A hotel keeper is not an insurer of the safety of guests. Reasonable care under the circumstances of each case is all-sufficient. Evidence (1) as to the

presence of rubbish in a hotel basement, and (2) as to the failure to notify the guest that he was in a place of safety, reviewed, and held insufficient to show negligence.

Headnote 1:  32 C. J. pp. 561, 566.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 19, 1924.

REHEARING DENIED FEBRUARY 13, 1925.

ACTION to recover damages for personal injuries. The facts are fully stated in the opinion. There was a directed verdict in favor of the defendant, and plaintiff appeals.—*Affirmed.*

*Brockett & Strauss* and *Sam Abramson,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellee.

STEVENS, J.—This is an action against a hotel keeper, to recover damages for injuries received by a guest of the hotel. Appellant became a guest of the new Lloyd Hotel, operated by appellee, in the city of Des Moines, on the evening of March 20, 1922. Early after midnight on the morning of the 24th, she was awakened by the presence of smoke in her room, which was located immediately off the court, on the third floor of the hotel. She fell upon a roof below her window, receiving a fractured ankle and other less severe injuries. The negligence charged was that appellee permitted a large quantity of rubbish and combustible material to accumulate in the basement of the hotel, which caught fire, and that he failed to warn or notify appellant that the building was on fire and that she was not in a position of peril.

It is universally held by the courts of this country that a hotel keeper is not an insurer of the safety of his guests, but that he is bound to exercise reasonable care, which must be determined from the circumstances, for the safety and comfort of his guests. *Weeks v. McNulty,* 101 Tenn. 495 (48 S. W. 809); *West·v. Spratling,* 204 Ala. 478 (86 So. 32); *Seay v. Plunkett,*

44 Okla. 794 (145 Pac. 496) ; *Patrick v. Springs,* 154 N. C. 270
(70 S. E. 395) ; *Clancy v. Barker,* 131 Fed. 161.   Under a statute
of the state of Nebraska, a somewhat higher duty is imposed
upon hotel keepers.   *Stewart v. Weiner,* 108 Neb. 49 (187 N. W.
121) ; *Strahl v. Miller,* 97 Neb. 820 (151 N. W. 952) ; *Clancy
v. Barker,* 71 Neb. 83 (103 N. W. 446).

The fire in question occurred about 1:30 A. M., and was
confined to some boxes and paper which had been stored in the
basement of the hotel.   The firemen arrived soon after the fire
was discovered, and it was quickly extinguished.   No part of
the building was burned or injured by the fire, except that the
telephone switchboard, which was located over the portion of
the basement in which the fire occurred, was put out of service.
The evidence does not disclose anything as to the quantity of
the paper or other rubbish and boxes that was in the basement,
nor does the record disclose anything further as to the origin
of the fire than the opinion expressed by one of the firemen that
it was due to spontaneous combustion.   There is no claim that
appellee was negligent in the construction or maintenance of
any part of the building.   Unless negligence may be inferred
from the fact of the fire alone, there is no evidence that it had its
origin in any failure upon the part of appellee to exercise rea-
sonable care for the comfort and safety of appellant.   The mere
presence of boxes and such rubbish as would ordinarily accu-
mulate about a hotel in the basement thereof is not alone suffi-
cient to charge appellee with negligence.   Of course, it is the
duty of one who is in charge of a building to which the public
is invited, to use reasonable care to see that it is safe for all
who enter it in response to such invitation.

In each of the cases cited and relied upon by appellant, facts
were shown from which the jury might infer negligence on the
part of the defendant.   To hold the appellee liable in this case
upon the theory that he was negligent in permitting the boxes
and rubbish described by the witnesses to accumulate in the
basement of the hotel would be to make him practically an in-
surer of the safety of his guests.

The second ground of negligence is the failure of appellee
to warn appellant of the true condition of the fire and of her
safety, so as to prevent injury to her in attempting to escape

from the building. Appellant testified that she was awakened about 1:30 or 2 o'clock A. M. by the smoke which filled her room and choked her; that she immediately turned on the light, opened the door into the hall, which she discovered was filled with smoke, and called for help, but received no response. She further testified that she tried to call the office over the telephone in her room, and that no answer was received. She was unable to explain how she got upon the roof beneath her window. When her room was entered, a few minutes later, by appellee and another guest of the hotel, it was found that the rope customarily placed in hotel rooms was unwound and hanging out of the window. Appellant further testified that she sat on the window sill and called; that she leaned out of the window, but saw no one; and that the next thing she remembered, she was being picked up by a policeman. It is obvious that appellant became frightened when she awoke and found her room filled with smoke, and that she was unable to arouse anyone in response to her cries for help. She was, in fact, in a place of safety, but this was not necessarily known to her. There were but two persons in the office or the hotel charged with the duty of looking after guests when the fire was discovered. The smoke no doubt rapidly accumulated in the corridors and spread to the upper floors of the hotel. The duty to warn appellant, if any, was not that she was in a position of peril on account of the fire,—as she was in no danger,—but that she was in a place of safety. A warning to that effect would no doubt have calmed her fears and prevented her from attempting to escape from the building. Appellant does not claim that she was overcome by the smoke while seated in the window which opened upon the court. So far as the evidence shows, appellee, who was busy trying to get the fire extinguished, did not know its extent or whether the guests of the hotel were in danger or not. The fire was put out in less than half an hour after it was discovered.

It seems to us that the degree of care demanded by appellant, who was already warned of the fire, would practically make appellee an insurer. This is not the degree of care required of hotel keepers. Guests of hotels differ much in temperament, and a proprietor would have no little difficulty in catering to all of them under the various circumstances that might arise. The

general rule of liability is stated in *Keeran v. Spurgeon Merc. Co.*, 194 Iowa 1240, where a great number of authorities are collected and reviewed. It is true that the questions discussed in the *Keeran* case do not relate directly to the duty of hotel keepers, but the rule of liability is much the same in such cases as that of the proprietor of any building to which the public is invited.

We find no error in the record, and the judgment of the court below is—*Affirmed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.