GEORGE W. KNOTE, Appellant, v. CITY OF DES MOINES, Appellee.

**NEGLIGENCE:** Condition of Building—Trespasser. A municipality is not liable in damages to a person who is injured in a municipal market place by falling through an open manhole while he is on an errand distinctly personal to himself, and not as a customer of the market, and when the manhole is located at a place where he is neither expected nor invited to be.

Headnote 1: 43 C. J. p. 1174 (Anno.)

Headnote 1: 17 L. R. A. (N. S.) 916; 20 R. C. L. pp. 57, 58.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 22, 1927.

Action for damages for personal injury to plaintiff, caused by stepping into a manhole at the market house maintained by said city. The trial court directed a verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*James E. O'Brien,* for appellant.

*Reson S. Jones, Eskil C. Carlson, Chauncey A. Weaver,* and *Don G. Allen,* for appellee.

PER CURIAM.—The city of Des Moines maintains a market house, arranged with booths or stalls, where produce is offered for sale to the public. The appellant was in the habit of visiting said market, not as a customer, but for the purpose of gathering refuse for his own use. He had visited the market for said purpose on various occasions. The market is arranged so that there are aisles and passageways where customers are expected to walk, and the public are not expected to, and do not, go behind

the stalls or booths. On the day of the accident in question, the appellant came to the market house, and was gathering garbage and refuse. He testified that he got some stuff from an old man, and that he told him he could have some more stuff in a barrel; and that appellant went to get the stuff in the barrel, and fell through the manhole, the cover of which had been removed, a few moments before, by the janitor, for the purpose of throwing some kindling wood into the basement. On cross-examination, he said:

"I walked into the market, as I always do, from the north side of the stands to the entrance back there, where that stuff was. There were stands to the left and to the right. I walked down the aisle or thoroughfare where people were making their purchases. I walked down to this particular point, and turned in back of the stands. There were three or four people behind the stands when I walked in there. One of them they call Tom is a merchant there. I stopped and talked to the man that furnished me with stuff there for a few minutes, and got some stuff, and then he says, 'You can have what is in that barrel;' and I went back to get it, and went down through this hole before I got to the barrel. The hole was between me and the barrel."

The evidence shows that the manhole in question was usually kept covered by an iron cover that fitted properly thereon.

I. The trial court was warranted in sustaining appellee's motion for a directed verdict on the ground that the appellant was guilty of contributory negligence. The appellant was bound to at least use ordinary care to observe where he was going when he attempted to enter a place where the public were not expected or allowed to go, and where he was entering for purposes of his own.

II. It is contended that the court erred in not submitting to the jury the question of the appellee's negligence in permitting the manhole to be uncovered at the time the appellant fell therein. Appellant was not an invitee, at the time of his injury. He was not a customer of the market, and was not there for any of the purposes of trade connected with the market and for which it was maintained. He was at the place where the public were not expected to go, and was there solely on a mission of his own. The rules of law applicable to the situation in the instant

case were reviewed by us in the recent case of *Keeran v. Spurgeon Merc. Co.*, 194 Iowa 1240. See, also, *Flatley v. Acme. Garage,* 196 Iowa 82; *Reese v. Kenyon Co.*, 198 Iowa 1015; *Bell v. Daugherty,* 199 Iowa 413; *Printy v. Reimbold,* 200 Iowa 541; *Mocha v. City of Cedar Rapids,* 204 Iowa 51. Under the record in this case, it is apparent that the appellant went into a place where the public were not expected to go, and without any invitation, express or implied, from the appellee that he should enter thereon, and went there solely for purposes of his own, without the knowledge of appellee or its officers. He therefore comes within the purview of the rule announced in the preceding cases and others of like character, and cannot recover for the injury sustained.

· There was no faulty construction in regard to the manhole. It had a suitable and proper cover. The janitor had removed the cover but a few moments before the injury, for the purpose of throwing kindling wood through the hole, and had not yet completed his work. There was nothing about the facts and circumstances to in any way charge the appellee or any of its officers with notice that the manhole had been left uncovered for the brief space of time. Furthermore, there is no evidence to show that the appellee or its officers had any reason to anticipate that the appellant or other persons not authorized by the appellee would enter upon said place. The case appears to be ruled by well established and recognized principles of law, and the court did not err in sustaining the appellee's motion for a directed verdict. The judgment appealed from must be, and it is,— *Affirmed.*