*893 OPINION OF THE COURT
Per Curiam.
Judgment entered April 4, 1985 (Stackhouse, J., and jury) reversed, with $30 costs, and judgment directed in favor of defendants dismissing the complaint.
Plaintiffs Bella and Maurice Taieb, French citizens vacationing in the United States, were registered guests of the defendant hotel occupying a room on the 38th floor, when a fire broke out in a lobby utility room housing a shaftway for linen and wastepaper chutes, causing a light to medium smoke condition on most of the upper floors. While dressing for dinner, plaintiffs heard sirens and observed (from their window) fire engines on the hotel premises. Without checking with management, Mr. Taieb determined that they should leave the hotel as quickly as possible. On leaving their room, the Taiebs observed smoke at the far end of the corridor, at a distance of approximately 180 feet; the smoke did not obscure their vision in the corridor. Using the stairwell, plaintiffs ran down the 38 flights of stairs — without stopping; for most of the descent, Mrs. Taieb wore no shoes, at her husband’s urging, so that she could run faster. The Taiebs reached the street level and exited without incident.
The fire department, which had been promptly summoned to the scene, confirmed the defendant’s decision that evacuation of the hotel was not necessary. The fire itself was localized, contained and extinguished without injury to any (other) guest, and damage to the building itself was quite minimal. Plaintiffs, claiming that Mrs. Taieb developed a phlebitis condition in her left leg as a result of the manner in which she was obligated to flee from the hotel, commenced this action alleging negligence on defendant’s part in permitting a fire to break out; in failing to warn plaintiffs as to what was taking place; and in failing to provide a safe and proper means of egress. After a trial, the jury returned a verdict for Bella Taieb in the sum of $150,000 and for Maurice Taieb (for loss of services) in the sum of $20,000.
A hotelkeeper is not liable as an absolute insurer of the safety of his paying guests while they are on his premises, but is obligated to exercise reasonable care under all the circumstances for the safety of his guests (27 NY Jur, Hotels, Restaurants and Motels, § 44; 2B [Part 1] Warren, New York Negligence, Hotelkeepers § 7.01 [1]; § 7.02). This rule is consonant with the single standard of care now imposed upon *894 landowners generally (Basso v Miller, 40 NY2d 233). While we recognize that the question as to whether an innkeeper, upon the particular facts presented, has exercised due care for his guests’ safety, is ordinarily one for the jury, only in those cases where there arises a real question as to the landowner’s negligence should the jury be permitted to proceed (Basso v Miller, 40 NY2d 233, 242, supra). Since we conclude that, as a matter of law, the hotel’s over-all response to the fire was reasonable and that there was insufficient evidence to support a finding of negligence upon any rational, practical view of the case, we reverse and dismiss the complaint.
To start with, the initial cause of the fire, as indicated by a code number in the fire department operations report, is unknown. Plaintiffs’ expert opined that an excessive amount of smoke emanated from the lobby level because of deficiencies in cleaning and maintenance procedures, but records produced by the hotel show that the linen chute from the 44th floor down to the lobby closet was cleaned about four months prior to the fire. There is no claim that the stairwell itself was unsafe. No violations were filed against the hotel as a result of the incident.
Since negligence may not be inferred from the fact of the fire (and smoke) alone, it seems to us that plaintiffs’ essential theory of recovery at trial was the hotel’s failure to advise them of their safety, so as to prevent Mrs. Taieb from injuring herself in attempting to escape from what was perceived as a perilous situation. Certainly, it was reasonable for the hotel to have determined that there was no immediate danger, and that evacuation of some 1,700-2,000 guests by sounding an alarm might well have caused a general panic. (As noted, the fire department did not issue an evacuation order.) And there is unrefuted testimony in the record to the effect that the hotel’s assistant manager, together with staff and fire department personnel, did go through some of the upper floors in an attempt to inform guests that "everything was under control”. It is unclear whether plaintiffs’ floor was reached in this endeavor, or whether plaintiffs had already embarked upon their descent. In any event, given the rapidly unfolding scenario, and the size of this hotel, we decline to hold that the failure to personally apprise every affected guest that he or she was in a position of safety, and not danger, constitutes an appropriate predicate for tort liability. To impose such a duty upon a hotelkeeper comes very close to making him an insurer of the safety of his guests, and that is not the degree *895 of care required of hotelkeepers (see, Bell v Daugherty, 199 Iowa 413, 200 NW 708). The issue is not whether the plaintiffs had reasonable cause to believe that they were in danger, justifying their determination to evacuate, or whether they effected their evacuation in the most prudent fashion. Even assuming that out of due regard for their own safety and upon the information then known to them, plaintiffs were warranted in abandoning the premises, and sustained an injury in the process, that does not equate with a finding that the hotel was culpably negligent.
In light of our conclusion, it is unnecessary for us to discuss defendants’ points as they relate to damages. We note our opinion that based upon the quality of medical proof in this case, the damages award was clearly excessive.
Hughes, P. J., Sandifer and Ostrau, JJ., concur.