ELIZABETH SNEED *v.* MARY MOOREHEAD ET AL.

NEGLIGENCE. *Inn-keeper. Injury to guest. Contributory negligence.*

> The declaration alleged that plaintiff, a guest at a watering-place, occupied a room in a cottage separate from the main hotel, the room being at the end of a gallery five feet high, unprotected by a railing; that on going to supper, it being dark, she left the door open and a light burning, to guide her on returning; that a servant of the hotel closed the door, and, by reason of this, and of the failure by defendants, the proprietors, to provide a railing and lights, plaintiff fell from the gallery and was injured. *Held*, a demurrer to the declaration was properly sustained, since the defendants' were under no obligation to provide a railing, and plaintiff was negligent in going on despite the absence of the light.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

Appellant, Elizabeth Sneed, sued appellees to recover damages for personal injuries. The declaration alleges that defendants were owners and proprietors of certain mineral wells, known as Brown's Wells, at which they maintained a hotel and cottages for the accommodation of guests; that plaintiff, while a guest at said resort, was placed in a room in one of the cottages, about one hundred and seventy-five feet from the main hotel, which contained the dining-room, at which all the guests took their meals; that the door of her room was about six feet from the end of the gallery of the cottage, the gallery being about five or six feet high, and unprotected by any railing or banisters; that, on the night in question, plaintiff repaired to the dining-room for supper, but, before leaving the cottage, took the precaution to open her door that the light from the lamp in the room might guide her in returning, it being very dark and raining; that, while plaintiff was at supper, a servant of defendants' engaged about the hotel, closed the door of the room, and

thereby shut off the light which she had provided; that, notwithstanding the night was dark, there was no light provided by defendants about said cottage; that plaintiff, while returning, exercised due care, but, by reason of the negligence of defendants in failing to surround the gallery with a railing and to provide sufficient lights about the cottage, and by reason of the closing of the door, which shut off the light plaintiff had prepared for herself, she fell from the end of the gallery to the ground, and received painful and permanent injuries, for which she claims damages.

Defendants demurred to the declaration, on the ground that it disclosed no negligence on the part of defendants, and because it showed that the injuries were caused by plaintiff's want of ordinary prudence. The demurrer was sustained, and, plaintiff having declined to amend, the suit was dismissed.

*J. S. Sexton*, for appellant.

In all cases where damages accrue to another by the negligence or improper conduct of a person in the exercise of his peculiar trade and business, an action is maintainable. 3 Ohio State, 172. The rule is as applicable to a hotel-keeper as to a railroad company or any other party. The owner of land is liable to one who comes there by invitation, and sustains injuries occasioned by the unsafe condition of the premises, which condition the owner negligently suffers to exist. 60 Mich., 86; 129 Mass., 367; 94 Ill., 349; 37 Am. Rep., 295; 32 *Ib.*, 284. It cannot be said that plaintiff knew of the danger, as she had a right to assume that she would find things as she had left them, and she had taken the precaution to provide a light to guide her return. She was only required to exercise ordinary care and prudence under the circumstances surrounding her. 26 Am. St. R., 165; 41 Am. R., 219.

*Mayes & Harris*, for appellees.

The facts stated in the declaration fail to fix upon the de-

fendants any responsibility for the accident. An inn-keeper is bound to entertain only to the extent of his accommodation. Schouler on Bailment, 287. There is no liability on an inn keeper, *per se*, to protect the persons of his guests. He is not an insurer of their safety, but is only held for negligence. As to the responsibility of owners of premises, see Cooley on Torts, 648 ; Bigelow on Torts, 295. The declaration shows that plaintiff had accepted the accommodations as she found them. She was fully advised as to the situation. It is not alleged that the gallery itself was unsafe, but the injury resulted from plaintiff's walking off the end of it.

There was no duty on defendants to light the grounds. The fact that plaintiff provided a light and left her door open is immaterial. Before she was injured she found that the light was extinguished. The danger still existed, but she kept on in the dark and was injured, thus causing her own injuries.

CAMPBELL, C. J., delivered the opinion of the court.

The declaration does not show liability of the defendants for the injury suffered by the plaintiff. They were under no obligation to have railing, or other protection, around the "gallery." The possibility that some one might fall off, was not sufficient to suggest that a railing should be put there. The situation was known to the plaintiff, and the necessity for caution had presented itself to her, as shown by her putting the light so as to guide her on her return to her room. Her error, resulting in serious hurt, consisted in going on when she found the light gone. Her misfortune is deplored, but reparation cannot be made by despoiling the defendants, who were under no greater obligation to have railing around galleries than other persons who have galleries, and invite visitors to their houses.

*Affirmed.*