ETHEL G. CORNWELL *v.* S. S. KRESGE COMPANY

(No. 7199)

Submitted April 26, 1932. Decided May 3, 1932.

*Russell A. Klieves* and *Ewing & McGinley,* for plaintiff in error.

*Erskine, Palmer & Curl,* for defendant in error.

HATCHER, PRESIDENT:

This is an action of trespass on the case for a personal injury. At the close of plaintiff's evidence, the trial court directed a verdict for defendant, and plaintiff secured a writ of error.

Plaintiff's case depends on the following evidence: She visited a store of defendant on a rainy day to make a purchase. When she entered the store, she noticed that the floor at and near the entrance was wet (from rain carried in by shoppers) and oily, and realized that it was slippery. As she was leaving the store, she slipped and fell on the floor near the enrance, fracturing her wrist. She admitted that when she was leaving she did not "notice" the condition of the floor, and that her mind was then on getting back to her work. Another customer of defendant on that day, Mrs. Klieves, testified she had slipped at the same entrance (without falling), and had remarked in a loud voice, "For goodness sake! It is a wonder you wouldn't keep this place dry so people wouldn't break their necks." Mrs. Klieves stated that her remark was addressed to a man at the door (although he did not look at her), whom she had seen in the store every time she went there, and who exercised authority over the clerks. This occurence was obviously prior to plaintiff's mishap as immdiately afterwards cork was strewn in the entrance, which prevented further slipping.

Plaintiff relies on such cases as *MacDonald* v. *F. & W. Grand, Inc.,* 89 Pa. Super. 526; *Evans* v. *Orttenburger,* 242 Mich. 57; *Robinson* v. *Woolworth Co.,* 80 Mont. 431; and *Kennedy* v. *Phillips,* 319 Mo. 573. In none of those cases, however, did it appear as it does here, that the plaintiff had previous knowledge of the condition which caused the accident.

The trial court in directing the verdict gave the following reason: "* * * because the plaintiff herself testified that

she saw this condition (of the floor) when she went into the store and remained in and walked about with full knowledge that the floor was in a dangerous condition." Courts generally have refused recovery under similar circumstances. "An invitee who uses a damp floor with knowledge of its condition assumes any risk incident thereto." *Bridgford* v. *Dry Goods Co.*, 191 Ky. 557. Accord: *Bodine* v. *The Goerke Co.*, 102 N. J. L. 642; *S. S. Kresge Co.* v. *Fader*, 116 Ohio St. 718; *Woolworth Co.* v. *Graham*, (Tex.) 257 S. W. 574; *Viles* v. *Thunborg*, 164 Wash. 190, 2 Pac. (2d) 666; *Mullen* v. *Mercantile Co.*, (Mo.) 260 S. W. 982, 33 A. L. R. 176; 45 C. J., subject, Negligence, sec. 244, and authorities cited. So general is this rule that the supreme court of Missouri announced in 1922 that it was unable to find a single case from any jurisdiction to the contrary. See *Main* v. *Lehman*, 294 Mo. 579, at 592. Plaintiff's distraction when leaving the store is not charged to any surrounding circumstances as in *Bloomer* v. *Snellenburg*, 221 Pa. 25. Mental abstraction (alone) does not palliate inattention to a known danger. *Sanderson* v. *Ry.*, 167 Iowa 90, 102-3; *Reynolds* v. *Gas & Electric Co.*, 162 Cal. 327; *Britch* v. *Sheldon*, 94 Vt. 235; *Ry. Co.* v. *Robinson*, 37 Tex. Civ. App. 465; *Mayor* v. *Cain*, 128 Tenn. 250; *Rice* v. *Goodspeed Co.*, 254 Mich. 49, 235 N. W. 814; Beach on Contributory Negligence (3rd Ed.), sec. 37; 45 C. J., *supra*, sec. 509; 20 R. C. L., subject, Negligence, sec. 96.

The judgment of the circuit court is accordingly affirmed.

*Affirmed.*