JAMES M. EARLY *v.* HOMER H. LOWE

(No. 8605)

Submitted March 2, 1938.   Decided March 8, 1938.

*J. G. F. Johnson* and *F. G. Musgrave,* for plaintiff in error.

*Somerville & Somerville,* for defendant in error.

RILEY, JUDGE:

This is an action of trespass on the case, brought by James M. Early, a guest at the hotel of the defendant, Homer Lowe, to recover damages for personal injuries sustained by him in a fall from an elevated concrete platform at the side entrance to the hotel.   The plaintiff

prosecutes this writ of error to a judgment sustaining a demurrer to his amended declaration and dismissing the action.

The amended declaration, consisting of two counts, alleges that the defendant owned and operated a hotel known as the "Lowe Hotel", located on the westerly side of Main Street at the intersection of Fourth and Main Streets in the City of Point Pleasant; that the lobby, which is above the street level, is reached from Main Street through a door on a slight step up from the sidewalk, a flight of stairs and a second door which opens directly into the lobby; that the clerk's or manager's desk is located across the lobby directly west from the front entrance; that a side entrance leads from the lobby to Fourth Street, and, in order to go from the front part of the clerk's desk through said side entrance, it is necessary to pass along a narrow passage, dimly lighted only by the lights in the lobby and telephone booth, then down a flight of stairs through a door and screen door, which opened outward onto a concrete platform about one foot below the door, said platform being about four feet above the concrete sidewalk; that from said platform the sidewalk is reached by steps on both the east and west sides thereof, there being no guardrails on the south side of the platform or along said steps; and that there was no light directly over said concrete platform, the nearest light being the street light at the intersection about seventy-five feet away.

It is further alleged that the plaintiff, a stove salesman, made visits to the City of Point Pleasant approximately three times a year, and at times stopped overnight in said city; that on the day these alleged injuries occurred, he arrived in Point Pleasant after dark, and, having parked his automobile on Fourth Street, entered the lobby through the Main Street entrance. In the first count, it is alleged that in talking to the defendant, he made it known that he was going out before retiring to see if his automobile was properly parked in the lot and started towards the front entrance, and thereupon the defendant indicated that he could go out the side en-

trance, or exit, which was nearer to where plaintiff and defendant were engaged in conversation than the front, or main door; that the plaintiff then proceeded to said side entrance. In the second count, it is alleged that the defendant "negligently allowed, suffered, permitted and invited the said plaintiff to go out upon said platform without warning of its danger."

The breach of duty alleged in both counts is the failure to maintain proper guardrails and steps leading from the platform to the pavement below, and the failure to maintain proper lights. It is also alleged in both counts that by reason of the said negligence of the defendant, the plaintiff stepped off the front of the said concrete platform and fell onto the sidewalk, thereby incurring the injuries complained of.

The sufficiency of this declaration must be gauged in the light of the legal duty which an innkeeper owes to his guest. The law governing this point is well settled. Clearly an innkeeper is not the insurer of the safety of his guests. However, he must exercise reasonable care for their safety, and this duty extends to the public passageways and exits. *Hunn* v. *Windsor Hotel Company*, 119 W. Va. 215, 193 S. E. 57. "It is the duty of an innkeeper or hotelkeeper to keep his buildings and premises in a condition reasonably safe for the use of his guests, and where his negligence in this respect is the proximate cause of an injury to a guest, he is liable therefor, provided the guest at the time is in a place where he has a right, and is reasonably expected, to go. The foregoing rule has been applied in cases involving unguarded or unlighted stairways, unguarded elevator shafts, defective railings, unguarded openings in platforms of fire escapes, defective or insecurely or unsafely fastened window screens, defective chairs, and an unsafe room in which the guest was placed." 32 C. J. 562. See also 14 R. C. L. 509, section 14, note 16, and supplement; Beale on Innkeepers and Hotels, section 163; *Bell* v. *Daugherty*, 199 Iowa 413, 200 N. W. 708, 37 A. L. R. 154. In the instant case, under the allegations of the declaration, the plaintiff was not only a guest of the defendant's hotel,

but he was invited by the defendant to use the side exit. We say that the defendant "invited" the plaintiff to use the side exit, because we think that the allegations of the first count to the effect that the defendant "indicated" that plaintiff could go out that way and the allegations of the second count that the defendant "negligently allowed, suffered, permitted and invited the said plaintiff to go out on said platform" were in each instance tantamount to an express invitation. Plaintiff, therefore, was an invitee in the full sense of that word. And, at the time of the injury, he was acting within the clear limits of the invitation. Under the circumstances, as set forth in the declaration, the defendant owed to the plaintiff the full duty to use reasonable care for plaintiff's safety. Generally, as to the duty of a property owner to an invitee, see *Smith* v. *Sunday Creek Company*, 74 W. Va. 606, 82 S. E. 608; 34 A. L. R. 158; and notes 27 A. L. R. 579; 33 A. L. R. 181; 46 A. L. R. 1111; and 100 A. L. R. 710.

Of course, if the declaration had disclosed that the plaintiff knew the exit was dangerous, it would be fatally defective. *Hunn* v. *Windsor Hotel Company, supra; Cornwell* v. *Kresge Company*, 112 W. Va. 237, 164 S. E. 156; *Ten Broeck* v. *Wells Fargo & Co.*, 47 Fed. 690; *Sneed* v. *Moorehead*, 70 Miss. 690, 13 So. 235. There is nothing, however, in this declaration which would lead us to say as a matter of law that the plaintiff was aware of the alleged condition of the side exit. The fact that he had visited Point Pleasant on other occasions and at times stayed there overnight would not necessarily lead us to that conclusion. On the night of his injury, he had entered the hotel by the front entrance, and was directed by the defendant to go to the outside through the allegedly unsafe side exit. Under all the circumstances, we think that the allegations of this declaration do not show as a matter of law that the plaintiff was either contributorily negligent or assumed the risk. We think the declaration states a good cause of action and the defendant's demurrer was improperly sustained. Therefore, the judgment of the trial court is reversed and this action remanded.

*Reversed and remanded.*