**MARY A. TUTWILER and G. B. TUTWILER, her husband, v. I. BEVERALLY NALLE, INC., a corporation, HERBERT ZACHARIAS and ADELE S. ZACHARIAS, his wife, and VIOLET K. STRASBURGER, a widow.**

12 So. (2nd) 163                                      January Term, 1943
March 5, 1943                                              Division A

*Fuller Warren* and *A. H. Rothstein,* for appellants.

*L. R. Milton,* for Appellees I. Beverally Nalle, Inc., a corporation and *Harry W. Reinstine* for Appellees, Herbert Zacharias and Adele S. Zacharias, his wife and Violet K. Strasburger, a widow, appellees.

PER CURIAM:

We review on writ of error a final judgment on demurrer for defendants below, entered by the Circuit Court of Duval County, Florida. The sole question presented for adjudication is whether or not the amended declaration states a cause of action against the assault made by demurrer.

The amended declaration alleged that Herbert Zacharias and wife, Adele S. Zacharias, and Violet K. Strasburger jointly owned a piece of rental property situated at 2631 Oak Street, in Jacksonville, Florida, and I. Beverally Nalle, Inc., a corporation, on December 3, 1940, was their rental agent. The plaintiff, in response to advertisements, requested the agent to show her the property, with a view of becoming a tenant. The rental agent gave the plaintiff the keys to the building and invited her to inspect the same.

The plaintiff entered the dwelling into a living room, and a passage way or hall way led from the rear of the living room into the kitchen; that a stairway was constructed to the left of the passage way, with a door beneath the stairway; the door opened inwardly upon a flight of stairs to a cellar; the floor level of the passageway did not extend beyond the door and the first step of the stairway leading into the cellar is constructed below the level of the floor; there is a sudden drop from the level of the passageway; the cellar stairs were constructed at an approximately forty-five degree angle, and on the date aforesaid were precipitous, dark and unlighted; there were indications from the construction of said door that the same was the entrance into a closet rather than the entrance into a cellar; the natural light was inadequate; the door was unlocked, and there was no bar or barrier into the cellar; the plaintiff was without knowledge of the conditions of the house and the defendants carelessly and negligently failed or omitted to notify or warn her of the dangerous condition of the premises.

The plaintiff, while inspecting the premises as a prospective tenant, opened the door and passageway to the cellar and fell the distance of some 8 or 10 feet down the stairs into the cellar and received personal injuries, and at a time when she was free from fault and the proximate cause of

the plaintiff's injuries was the negligence of the owners of the property in permitting or allowing the property to remain in the dangerous condition, as above described, coupled 'with the rental agent's careless and negligent failure to warn or notify the plaintiff of the dangerous condition of the premises. Plaintiff seeks to recover because of the negligence of the owners and rental agent.

Counsel contends that appellant was an invitee and lawfully on the premises when injured and the defendants owed her the legal duty to use reasonable care for her safety when inspecting the property as a prospective tenant. The reasonable care due her for her personal safety when inspecting the premises was to have maintained the property in a reasonable safe condition and to have given her timely notice and warning of latent and concealed perils, known to the owners and their rental agent, or by the exercise of due care, should have been known, and which were to the appellant unknown or that by the exercise of due care she could not have known of the latent and concealed dangers. The amended declaration is sustained, it is contended, by authorities viz: J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 436; Mason Hotel & Investment Co. v. Hale, 71 Fla. 469, 71 So. 540; 38 Am. Jr. 783; Bunnell v. Waterbury Hospital, 103 Conn. 520, 131 Atl. 501; Downing v. Merchants Nat. Bank of Greene, Iowa, 192 Ia. 1250, 184 N.W. 722; Early v. Lowe, 119 W.Va. 690, 195 S.E. 852; Foren v. Rodick, 90 Me. 276, 38 Atl. 175; Hayward v. Miller, 94 Ill. 349, 34 Am. Rep. 229; McRickard v. Flint, 114 N.Y. 226, 21 N.E. 153; Morganstern v. Sheer, 145 Md. 208, 125 Atl. 790; Rhodius v. Johnson, 24 Ind. App. 401, 56 N.E. 942.

The Florida cases cited and relied upon are easily distinguishable from the breach of duty referred to in the amended declaration. When the appellant inspected the property she found the door of the cellar or basement closed. The door opened inward and we find the appellant standing at the entrance of a cellar door, no lights, bar or barrier are about the flight of steps; the natural light is inadequate; she is inspecting the house with a view of renting it; the

darkness confronting her when opening the door to the cellar basement was sufficient notice to warn her of dangers which she was unable to see. If the door opened into a closet as suggested, the use thereof as a tenant, would only be incidental and not recognized as controlling in connection with rental property. The failure of the appellant to exercise ordinary care for her own safety when inspecting the property by opening a closed door and taking a step forward into a dark and unlighted stairway, thereby contributing to her own injury, as a matter of law, will preclude a recovery on her part under the allegations appearing in the amended declaration.

The judgment is affirmed.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.