**WALLACE v. GREAT ATLANTIC & PACIFIC TEA CO.**

Civ. A. No. 458–W.

United States District Court
N. D. West Virginia.

Aug. 29, 1949.

McCamic & Clarke and Wayne T. Brooks, Wheeling, W. Va., for plaintiff.

Goodwin, Nesbitt, Spillers & Mead, Russell B. Goodwin, Russell G. Nesbitt, C. Lee Spillers, Charles P. Mead, Wheeling, W. Va., for defendant.

BAKER, Chief Judge.

This is an action growing out of an injury suffered by the plaintiff and allegedly caused by a fall upon a portion of the defendant's premises outside its store building. After the filing of the complaint pre-trial procedure resulted in the admission of all facts which would ordinarily be subject to dispute. Both the plaintiff and the defendant have moved for summary judgment, and it is these motions which are now before me.

### Findings of Fact

I find the following to be the facts, as admitted by the respective parties herein:

The defendant, Great Atlantic & Pacific Tea Company, on February 12, 1948, was operating a retail store on the corner of Kruger and Chambers Streets, in Wheeling, West Virginia. The defendant maintained a concrete parking strip in front of its store between the north edge of Kruger Street and a walkway (also maintained by defendant), directly in front of its store building.

On February 12, 1948, the plaintiff parked his car on this concrete parking strip with the intention of entering the defendant's store to make a purchase therein. This parking strip was slippery because of an accumulation of snow, ice, and slush. The plaintiff fell, arose, started toward the store, fell again and, on the second fall, broke his ankle. The plaintiff's own statement as to what took place, the truth of which statement is admitted by both plaintiff and defendant, is as follows:

"Wheeling W. Va.
"March 22, 1948

"This is the statement of Charles H. Wallace, age 54, of 822 Main St., Wheeling, W. Va. I am self employed as a heating and air conditioning engineer in Wheeling, W. Va.

"On February 12, 1948 at about 8:40 A.M. I was involved in the following described accident in front of the A & P Store on Kruger St. in Wheeling, W. Va.

"I had parked my car, a little north of the Main Entrance, in the parking space provided for customers. I was on my way to make purchases in the store. The entire parking area was covered with ice and snow and there was a slight drizzle of rain in the air. The snow and ice that was on the parking area was an accumulation of several days bad weather

"As I got out of the left door I slipped on the ice and fell to my hands and knees. I stood up and tried to make my way to the sidewalk next to the store building. Again I slipped, both feet went out from under me and I fell on my right side. As my left leg came down the left ankle struck the pavement a severe blow and I heard something snap in my left ankle. I felt faint but I did not pass out. I pulled my self up by leaning on my car door. I must have been suffering from shock because the details of what happened after the fall are very hazy in my mind. But I did get back in my car and sat there.

"I called to a man who was passing by and asked him to call my son for me.

He went into the Store and returned a short time later with another man from inside the store. I was getting pretty sick by that time and I do not remember any of the conversation that took place.

"My son, Wm. J. Wallace, 416 Jones St., Elm Grove, W. Va. arrived by that time and drove me to Dr. E. M. Phillips's office at 14th & Eoff Sts. in Wheeling.

"Dr. Phillips examined my ankle with a flourascope and found the ankle was broken. He placed it in a cast and I returned to my home. I was confined to my bed at home for nearly 3 weeks. The only times I had gone out up until March 15, 1948 was four trips to the Doctors office. Since March 15 I have been out of the house only four or five times.

"I have not been able to do any work since the date of the accident. I figure that I am losing about $100.00 a week while I am disabled.

"I feel that the accident was due entirely to the ice and snow on the parking area in front of the A & P store.

"Other than severe shock and the fractured ankle I sustained no other injuries in the fall.

"I have read the above four page statement and it is true and correct to the best of my knowledge.

"signed

"(Sgd.)  Charles H. Wallace

"Witness

"(Sgd.)  Mrs. Chas Wallace"

The defendant denies liability and asks for summary judgment on six separate grounds. The last two of these are: "The pleadings and admissions of the plaintiff show that he was guilty of contributory negligence," and "The pleadings and admissions of the plaintiff show that he assumed the risk of walking on said parking strip and falling under the circumstances."

While each side has cited several cases as authority for their respective contentions, no case has been brought to my attention which covers this precise situation. The cases cited have all involved accidents occurring either inside a store or the immediate entrance of a store, or accidents involving the liability of municipalities for defective highways and sidewalks.

I do not think it necessary in the case before me to attempt to define the duty of a storekeeper in maintaining a parking lot outside his building for the possible use of his customers. I feel that in the present case it is apparent that the defendant must prevail because the plaintiff was guilty of contributory negligence or of assumption of risk.

The Supreme Court of Appeals of West Virginia has held that "Inattention to a known danger generally constitutes negligence." Cornwell v. S. S. Kresge Company, 112 W. Va. 237, 164 S.E. 156. In that case the plaintiff visited a store of the defendant on a rainy day for the purpose of making a purchase. When she entered the store she noticed that the floor at the entrance was wet and oily, and realized that it was slippery. As she was leaving the store, she slipped and fell at this point, fracturing her wrist. Under these circumstances, recovery was denied on the ground of contributory negligence.

In the case of Early v. Lowe, 119 W. Va. 690, 195 S.E. 852, 853, a man entered a hotel by one entrance, but as he was leaving took a different way out at the suggestion of an employee of the hotel. In leaving the hotel, he fell upon a dark stairway, not equipped with a handrail. The Court in that case refused to apply the doctrine of contributory negligence but, in the course of its opinion said: "Of course, if the declaration had disclosed that the plaintiff knew the exit was dangerous, it would be fatally defective."

From these decisions, and the cases cited therein, it is apparent that in West Virginia a person, who uses a walkway knowing that it is slippery or dangerous, and is injured thereby, is deemed guilty of contributory negligence and assumption of risk.

It may be admitted that at the time the plaintiff drove his car into the parking lot he did not know, either actually or constructively, that the surface of the parking lot was so slippery as to be dangerous to one walking upon it. When he got

out of his car and fell the first time, he certainly had notice of the slippery condition of the parking lot. This fall admittedly resulted in no injury to him but, in spite of that warning, he continued, and to use his own words "tried to make my way to the sidewalk next to the store building." It was while engaged in this second attempt that he fell and was injured.

An order in favor of the defendant should be entered upon its motion for summary judgment; proper costs to be taxed against the plaintiff.

Counsel are requested to agree upon a form of order, if possible, carrying out this finding.