48 So.2d 521 (1950)
MILLER
v.
SHULL.
Supreme Court of Florida, Division A.
November 7, 1950.
R.C. Lohmeyer, Miami Beach, for appellant.
Knight, Smith, Underwood & Cullen, Miami, for appellee.
ROBERTS, Justice.
This was a suit to recover damages for personal injuries alleged to have been sustained by reason of plaintiff's slipping and falling in a bath tub in defendant's hotel, where plaintiff was a guest. The demurrer to plaintiff's third amended declaration was sustained by the trial court, and final judgment entered for defendant, from which judgment this appeal has been taken.
The theory upon which plaintiff's third amended declaration was drawn was, in its first count, that the defendant, in violation of its duty to "exercise all due care and caution for the safety of the plaintiff while on said premises or in said hotel, and to have said room and the private bath thereof thoroughly cleaned before assigning the same to the plaintiff * * * carelessly and negligently failed to remove a certain *522 slippery substance from the bottom of said tub," whereupon the plaintiff "stepped into said bath tub and upon said slippery substance, by means whereof the plaintiff slipped and fell" to her injury. The second count contained the additional allegations that defendant had promised to provide daily maid service and had failed to thoroughly clean the bath tub after delivering possession thereof to plaintiff, and "carelessly and negligently failed to remove from the bottom of the tub a slippery substance resembling soap, the exact nature of which is unknown to plaintiff, which substance the defendant had failed to remove from said tub at the time said room and bath were assigned and possession delivered to plaintiff." It appears that plaintiff was assigned and moved into the room on March 29th and that the bath tub accident did not occur until March 31st. The sole question on this appeal is whether or not either count stated a cause of action.
It is the duty of an innkeeper to use ordinary care to keep the premises in a reasonably safe condition so that his guests may use them in the ordinary and reasonable way without danger. His liability in such case rests upon the same principles applicable in other cases where persons come upon the premises at the invitation of the owner or occupant and are injured in consequence of the dangerous condition of the premises. 28 Am.Jur., Innkeepers, Section 56, page 578. Thus, while a hotel guest, or other business invitee, is entitled to expect that the proprietor will take reasonable care to discover the actual condition of the premises and either make them safe or warn him of dangerous conditions, the proprietor has a right to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. Dingman v. A.F. Mattock Co., 15 Cal.2d 622, 104 P.2d 26. As stated in Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366, 368, "The law does not require a proprietor of a public place to maintain his premises in such condition that an accident could not possibly happen to a customer. Plaintiff was in turn obligated to exercise a reasonable degree of care for her own safety. * * * The duty which the plaintiff owes to herself is to observe the obvious and apparent condition of the premises." See also Tutwiler v. I. Beverally Nalle, Inc., 152 Fla. 479, 12 So.2d 163.
In this case, defendant is charged with a negligent act of omission, viz. failure to remove from the bath tub a slippery substance prior to assigning the room and bath to plaintiff, which is alleged to be the proximate cause of plaintiff's injuries. Plaintiff must have known, since it is a matter of common knowledge  and one which most of us know through painful experience  that a small amount of water in the bottom of a bath tub creates a slippery condition; and we think we may safely say that any reasonably prudent person makes at least a cursory examination of the condition of a bath tub before stepping into it.
It does not appear from plaintiff's declaration that the bath room was not well lighted. Neither does it appear that plaintiff's vision was defective, nor that the "slippery substance" could not have been discovered by "the ordinary use of her senses." On demurrer, the allegations of a declaration must be construed most strongly against the pleader. From the allegations of the declaration in this case, it appears that the plaintiff's injuries were the result of her own failure to exercise ordinary care, and under such circumstances the question of negligence was properly decided by the court as a matter of law. Accordingly, the trial judge did not err in sustaining the demurrer to plaintiff's third amended declaration and the final judgment for defendant is
Affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.