49 So.2d 539 (1950)
GOLDIN
v.
LIPKIND.
Supreme Court of Florida, Special Division B.
December 19, 1950.
Louis Glick, Miami, for appellant.
Blackwell, Walker & Gray, Miami, for appellees.
CHAPMAN, Justice.
Involved on this appeal is the question of whether or not plaintiff-appellant's amended complaint (declaration) states a cause of action. The Court below held that it did not and, accordingly, entered a final judgment on motion to dismiss for the defendant-appellee, and plaintiff appealed. Pertinent allegations of the amended complaint are as follows:
"2. On or about March 29th, 1950, at about 6:25 o'clock, p.m., the plaintiff was a lawful paying guest of the Harman Villa Hotel, 354 Washington Avenue, Miami Beach, Dade County, Florida, leased and operated by the defendant, Nathan Lipkind; at said time, plaintiff was lawfully in and about said premises, and had entered said premises through the stairway at the Washington Avenue entrance of said hotel, leading from the outside to the second storey. Upon arriving at the second floor, the plaintiff walked down a hallway, which was unlighted and dark, at the time, despite the fact that evening had set in. The plaintiff was compelled to walk through the said hallway in order to reach her room at the end of said hallway. As the direct and proximate result of the defendant's negligence in failing to provide proper lighting, and as the direct and proximate result of the defendant's negligence in leaving a bed mattress in said hallway, the plaintiff suddenly tripped and fell over said mattress, which the defendant had negligently left in said hallway, and which was lying, at said time, across the floor of the said hallway.
"3. As the direct and proximate result of the defendant's failure to provide proper lighting at said time, and as the direct and proximate result of the defendant's negligence *540 in leaving the mattress in said hallway, the plaintiff, Bessie Goldin, was greatly and severely injured, sustaining great and excruciating pain and suffering, a complete comminuted, fractured right radius, lower third, with displacements of the fragments.
"4. As the direct and proximate result of the defendant's failure to provide proper lighting at said time, and as the direct and proximate result of the defendant's negligence in leaving the mattress in said hallway, the plaintiff, Bessie Goldin, has continued to suffer excruciating pains throughout the length of her entire right arm and right shoulder, has been forced to have her right forearm in an uncomfortable and bulky cast, and will be forced to wear this cast for an approximate period of six (6) weeks, and said plaintiff further says that her condition is permanent and that she has been gravely and permanently damaged, and that her nervous system was severely shocked and injured.
"5. As the direct and proximate result of the defendant's failure to provide proper lighting at said time, and as the direct and proximate result of the defendant's negligence in leaving the mattress in said hallway, the plaintiff, Bessie Goldin, has been hindered and prevented from performing and carrying on the duties of her lawful employment for a long period of time, and, in fact, is still prevented and hindered from performing and carrying on the duties of her lawful employment, and may be so prevented and hindered for the rest of her natural life, to her great monetary loss.
"6. As the direct and proximate result of the defendant's failure to provide proper lighting at said time, and as the direct and proximate result of the defendant's negligence in leaving the mattress in said hallway, the plaintiff, Bessie Goldin, has in the past, and will in the future, expend large sums of money for doctors' bills, hospital bills, nursing, drugs, x-rays, and other related medical needs and services in and about the care of said injuries to herself.
"Wherefore, the plaintiff demands judgment against the defendant in the amount of Ten Thousand Dollars ($10,000.00), and the plaintiff furthermore demands a trial by jury in this action."
In the case of Kasanof v. Embry-Riddle Co., 157 Fla. 677, 26 So.2d 889, 891, the legal sufficiency of a declaration was before the Court, and, in sustaining the declaration, we in part said:
"It is established law that a declaration need not set out specific facts constituting negligence but allegations of sufficient acts or omissions causing injury, coupled with averments that they were negligently done or omitted, will be sufficient. See American Dist. Electric Protective Co. v. Seaboard Airline R. Co., 129 Fla. 518, 177 So. 294. A declaration based on a charge of simple negligence is sufficient if it alleges an act or omission causing the injury and further alleges that such act or omission was negligently done or omitted to be done. Jackson v. Edwards, 144 Fla. 187, 197 So. 833; Dunn Bus Service, Inc., v. Wise, 140 Fla. 341, 191 So. 509; Potts v. Mulligan, 141 Fla. 685, 193 So. 767."
Section 511.13, F.S.A., requires that every hotel, rooming house, apartment house, tenement house, restaurant, lunch or sandwich stand or counter in the State of Florida shall be properly plumbed, lighted, heated and ventilated and shall be conducted in every department with strict regard to health, comfort and safety of the guests or tenants: Provided that such proper lighting shall be construed to apply to both daylight and illumination. Further and additional regulations of hotels, etc., are provided for by statutory enactments. See Chapter 511, F.S.A.
It will be observed that Section 511.13, supra, requires that hotels, rooming houses, apartments, etc., must be properly lighted and each department of the hotels, rooming houses and apartments in the State of Florida "shall be conducted * * * with strict regard to health, comfort and safety of the guests or tenants * * *." (Emphasis supplied.) Paragraph 2 of the complaint alleged that the plaintiff, about 6:25 P.M., March 29, 1950, was walking down the hallway of the second floor "which was unlighted and dark" and as a result of defendant's *541 negligence the plaintiff tripped and fell over a mattress left in the hallway. The plaintiff sustained permanent injuries as a result of the fall, which was due to the negligent failure to provide proper lighting at the time and place aforesaid, coupled with the negligent leaving in the hallway of the hotel of the mattress  that the proximate cause of the plaintiff's injuries was the improper lighting of the hallway and the negligent leaving of a mattress therein.
The law imposes on hotels, apartments, innkeepers, etc., the duty to keep their buildings, premises and appliances in a condition reasonably safe for the use of their guests, or at least those parts of the buildings and premises to which the guests are invited or may reasonably be expected to use. The duty of maintaining safe premises and appliances cannot be delegated to another. There is a duty to exercise ordinary or reasonable care to keep the hallways and passageways reasonably well lighted and free of obstructions or hazards. An innkeeper is not an insurer of the personal safety of his guests arising out of the condition of the buildings and premises. See 43 C.J.S., Innkeepers, § 22, pages 1176-1180; 28 Am.Jur. 579, par. 57; 32 C.J. 562-563, par. 70; 14 R.C.L. 508-509, par. 14.
The facts involved in the case of Burgauer v. McClellan, 205 Ky. 51, 265 S.W. 439, are similar to the case at bar. Mrs. Burgauer, it appears, was a guest of Hotel Palmer of Paducah. She was walking along the hallway of the hotel on the way to her room and tripped and fell over some linoleum and carpeting removed from a room and left in the hallway. The rolls of linoleum and carpeting were placed in the hallway of the hotel by its servants and Mrs. Burgauer, in passing to her room along the hallway, stumbled and fell over the obstruction because the hallway was not sufficiently lighted and she could not see the obstruction. The Court held that it was the legal duty of the hotel to exercise ordinary care to have and keep the hallways and passageways of the hotel reasonably well lighted and free from obstructions so that guests may pass to and from their rooms and other places about the hotel in safety. The hotel was not an insurer of the safety of the guests and its responsibility was limited to the exercise of reasonable care. The rule enunciated in the Kentucky case, supra, has been cited with approval in other jurisdictions. See Picard v. Waggoner, 204 Miss. 366, 37 So.2d 567; Early v. Lowe, 119 W. Va. 690, 195 S.E. 852; Keeran v. Spurgeon Mercantile Co., 194 Iowa 1240, 191 N.W. 99, 27 A.L.R. 579; 33 A.L.R. 181; Law v. Morris, 102 N.J.L. 650, 133 A. 427, 46 A.L.R. 1111; J.C. Penny Co. v. Robison, 128 Ohio St. 626, 193 N.E. 401, 100 A.L.R. 710.
It is contend that the amended complaint on its face shows that the plaintiff-appellant was guilty of contributory negligence and is precluded from recovery as a matter of law. Likewise, it is argued that the law requires that in order to charge actionable negligence the complaint must allege and the evidence must show that the defendant-appellee knew or should have known of the insufficient light and obstruction in the hallway of the hotel and that the condition complained of must have existed for a reasonable period of time in order to state a cause of action. The answer to the contention is, first, that Section 511.13, F.S.A., makes it the statutory duty of the hotel to "properly light" the hallways of the hotel "with a strict regard to health, comfort and safety of the guests"; second, in personal injury suits contributory negligence is generally a question for the jury. It is an affirmative defense and should be specially pleaded. It is a question of fact to be submitted to the jury under appropriate instructions. Hart v. Held, 149 Fla. 33, 5 So.2d 878; Dunn Bus Service v. McKinley, 130 Fla. 778, 178 So. 865; Ferlita & Sons v. Beck, 143 Fla. 509, 197 So. 340.
It is our conclusion that the amended complaint states a cause of action and accordingly the judgment below is reversed with directions to enter an order fixing the time for the defendant-appellee to answer the complaint.
ADAMS, C.J., and HOBSON and ROBERTS, JJ., concur.