55 So.2d 117 (1951)
RYAN
v.
UNITY, Inc. ET AL.
Supreme Court of Florida, Special Division B.
November 20, 1951.
Franks & Gordon and H.H. Eyles, all of Miami, for appellant.
Blackwell, Walker & Gray, Miami, for Unity, Inc., and International Operating Corp.
Philip Schlissel, Miami Beach, for 4390 Collins Ave. Corp., appellees.
EDWIN L. JONES, Associate Justice.
Daniel Ryan, appellant here and plaintiff below brought suit against Unity, Inc., International Operating Corporation, and 4390 Collins Avenue Corporation, appellees here and defendants below, all of Miami Beach, Florida, seeking damages for personal injuries received by reason of alleged negligence of defendants while appellant was a guest of the Surrey Hotel. Summary judgment was entered and plaintiff appeals.
Briefly, the pleadings disclose that on June 26, 1950, the defendants Unity, Inc., and International Operating Corporation, either were possessed of, owned or operated a certain swimming pool located close to the Surrey Hotel, Miami Beach, Florida, which said hotel was maintained and operated by the 4390 Collins Avenue Corporation. By arrangement between the Unity, Inc., and International Operating Corporation, with the Surrey Hotel, the guests of the hotel had the privilege of using the swimming pool, as part of the accommodations extended.
Appellant was a doorman at the Delmonico Hotel, Miami Beach, Florida, and got off from work at 2:30 on the morning of June 26, 1950. Thereafter, in company with three female companions, he visited a bar and a restaurant. From there he and his companions went on to the Surrey Hotel, arriving there about 4:30 a.m. The party then decided to take a swim and at approximately 5:00 a.m., while it was still dark and visibility was low, they all proceeded to the swimming pool. Appellant immediately went to the diving-board and dove headlong into the swimming pool which contained only approximately two feet of water at the deepest end where the diving-board was located, and thereby sustained severe head injuries. The pool had been drained for purposes of cleaning same at that particular time.
Appellant and appellees pose three questions for determination by this Court.
The first two questions challenge the lower Court's correctness in entering a summary judgment without first ruling upon the motions of appellant to strike all or parts of supporting affidavits and exhibits, including the deposition of Appellant, for reasons of inadmissibility.
The third question raises the point as to whether the lower Court was justified in granting appellees' motion for summary judgment upon the pleadings, affidavits, exhibits and deposition of the appellant.
From a careful study of the record it appears that appellant failed to exercise ordinary care for his own safety when, during the early morning hour of *118 approximately 5:00 a.m., while it was still dark and visibility was low, he dove headlong into the swimming pool without giving the slightest heed to existing conditions at that particular time. By so doing, he directly contributed to his own injury and made his own negligent act a concurring proximate cause of his injury.
Even a casual observation by appellant would have disclosed that the pool did not contain sufficient water for swimming or diving. Under such circumstances, it cannot be said that appellees must be charged with liability for failure of appellant "to exercise that degree of care and prudence which an ordinary prudent person would ordinarily exercise" and "perceive that which would be obvious to him upon the ordinary use of his own senses." Clyde Bar, Inc., v. McClamma, 152 Fla. 118, 10 So.2d 916, 917; Miller v. Shull, Fla., 48 So.2d 521, 522; Tutwiler v. I. Beverally Nalle, Inc., 152 Fla. 479, 12 So.2d 163.
We conclude from the pleadings and record in this case, that as a matter of law no genuine issue as to any material fact was presented by appellant and hence that summary judgment was correctly entered by the lower Court.
Affirmed.
SEBRING, C.J., and HOBSON and ROBERTS, JJ., concur.