**Ruby HADDEN, Plaintiff,**

v.

**Vermelle H. McLAUGHLIN, Defendant.**

**Civ. A. No. 7834.**

United States District Court
E. D. South Carolina,
Florence Division.

Jan. 18, 1965.

McGowan & McDonald, David W. Keller, Jr., Florence, S. C., for plaintiff.

George W. Keels, Florence, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

This is an action for personal injuries alleged to have been suffered by the plaintiff as a result of carelessness, recklessness, wilfulness and wantonness on the part of the defendant who is alleged by plaintiff to operate a boarding home or guest house at which the defendant receives compensation from members of the general public and furnishes to them nightly lodging. It is alleged by the

---

1. This Act was repealed by 1951 P.L. 533, Art. X, § 1001, 50 P.S. § 1621. 1951, P.L. 533, Art. III, § 343, as amended, 50 P.S. § 1223 is now controlling.

plaintiff that on November 14, 1961, at the invitation of the defendant and for an agreed consideration which was paid to the defendant, the defendant rented to plaintiff a room for a night's lodging in the defendant's home in the City of Florence, South Carolina; that at or around 3:30 o'clock a. m., on November 15, 1961, plaintiff further alleges, she undertook to leave the home of defendant to keep a dental appointment and that as she undertook to proceed onto the stairway and while descending the stairs, due to the unlighted condition and extreme darkness therein, plaintiff lost her footing, fell and was injured, and that her injuries were the direct and proximate result of the negligence, carelessness, recklessness, wilfulness and wantonness on the part of the defendant in the following particulars: (a) In maintaining an unsafe condition for guests in a boarding home; (b) In inviting a paying guest into her home when an unsafe condition existed therein; (c) In maintaining in a home where paying guests were lodged an unlighted stairway; (d) In failing to warn plaintiff of a known hazardous condition; (e) In failing to provide plaintiff with a means of illumination when defendant knew or should have known of the danger involved in maintaining an unlighted stairway.

In her answer the defendant admits the allegations as to residence and the jurisdiction of this Court and as to the location of defendant's home, but denies each and every other allegation of plaintiff's complaint and as a further defense alleges that the injuries, if any, sustained by the plaintiff were due, caused and occasioned by the sole negligence, carelessness, recklessness, wilfulness and wantonness on the part of the plaintiff at the time and place alleged by plaintiff's complaint.

This case was heard before me at Florence, South Carolina, without a jury upon the issues made by the complaint and answer, and having heard testimony of witnesses and having observed their conduct and demeanor on the stand, and having weighed their credibility and having considered the exhibits offered, and being fully advised in the premises, in compliance with Rule 52(a), Rules of Civil Procedure, I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

## FINDINGS OF FACT

Plaintiff paid defendant for a night's lodging for a room on the second floor of defendant's home in Florence, South Carolina, for the night of November 14, 1961.

On the morning of November 15, 1961, at or around 3:30 o'clock a. m., plaintiff was descending on the stairway leading from the second floor of defendant's home to the ground floor when she sustained a fall on the stairway and sustained some injury.

The stairway in the home of the defendant at the time plaintiff alleges, and has testified that she fell, was well lighted, there being a double bracket light at the island of the stairway at about the mid-point of the upper and lower floors of the home and a lamp burning on a table at the foot of the stairway, and a light burning upstairs.

Plaintiff did not remember using the handrail on the stairway but had her pocketbook and an overnight bag in her hand as she was descending the stairway and at the time she fell.

The plaintiff made no complaint to the defendant about the stairway not being lighted when asked what happened, she replied, "I had my bags in my hand, I thought I was on the last step but I wasn't."

## CONCLUSIONS OF LAW

This Court has jurisdiction of the parties and the subject matter of this action. The plaintiff was a resident of Georgia and the defendant was a resident of South Carolina. Jurisdiction is based on diversity of citizenship and the requisite amount in accord with 28 U.S. C.A. § 1332. Therefore, the rights and

duties of the parties are governed by the laws of the State of South Carolina, the place where the injuries are alleged to have been sustained.

However, no South Carolina cases declaring the degree of duty owed by an innkeeper to his guests have been cited to me by counsel, nor do I find any.

 Clearly an innkeeper is not the insurer of the safety of his guests. However, he must exercise reasonable care for their safety, and this duty extends to the public passageways and exits. Early v. Lowe, 119 W.Va. 690, 195 S.E. 852, 853.

One who operates a mercantile establishment is not an insurer of the safety of those who enter his store but he does owe them the duty of exercising ordinary care to keep the aisles, passageways, and such other parts of the premises as are ordinarily used by customers in transacting business, in a reasonably safe condition. Bagwell v. McLellan Stores, 216 S.C. 207, 57 S.E.2d 257, 260 and cases therein cited.

It would seem that the substantive law of South Carolina is that an innkeeper owes to his guests the duty of exercising ordinary or reasonable care to maintain those parts of his premises which a guest may be expected to use, in a reasonably safe condition. Bowling v. Lewis, (C.A. 4) 261 F.2d 311, 69 A.L. R.2d 1100 (1958).

The sole and only proximate cause of plaintiff's fall and injuries was the negligence, carelessness, recklessness and wilfulness of the plaintiff.

Defendant is not guilty of any negligence, carelessness, recklessness, wilfulness or wantonness.

For the foregoing reasons, it is my opinion that the plaintiff is not entitled to recover judgment against the defendant Vermelle H. McLaughlin and that judgment should be entered for the defendant, and

It is so ordered.