OWEN, Judge.
Mrs. Hoglund recovered a judgment against Trinity Episcopal Church for damages consequent upon personal injuries which she sustained when she fell on the church premises. The defendant appeals, assigning as error the denial of its motions for directed verdict.
Mrs. Hoglund was a member of the church and on the day in question, a week day, had gone to the church to attend a meeting which was to be held in the social hall. Appellant’s building was “U” shaped, the sanctuary comprising one wing, the church offices the other, and the social hall connecting the two. The social hall could be entered either from the court yard between the two wings, or by a hallway from the sanctuary. Mrs. Hoglund first went into the sanctuary for the purpose of showing some new kneeling pads to a friend. The kneeling pads were located on a raised altar, and to get to the raised altar Mrs. Hoglund went up two steps from the floor level of the sanctuary. Leaving the altar for the purpose of going to the social hall, Mrs. Hoglund elected to go through the hallway which led directly from the raised altar to the social hall. The hallway was about six feet long with a door at each end, one of which opened into the sanctuary, the other opening into the social hall. The sanctuary entrance to the hallway being level with the raised altar, the hallway contained two steps going down since the social hall was on the same floor level as the sanctuary. The door on the sanctuary side when closed had a sign on it facing persons approaching the hallway from the sanctuary which read, “Caution — Steps”, but this sign was not visible when the door was opened completely and pushed back against the wall, as it was on this occasion. The door on the social hall end of the hallway was closed and as a consequence, at the time Mrs. Hoglund started into the hallway it was totally dark and she had to feel her way along by holding one hand against the wall. The light was not on, and the light switch was located approximately in the middle of the hallway and could not be reached from either entrance without first stepping into the hall. The steps in question were located near the sanctuary end of the hallway. Even though Mrs. Hoglund had been a member of the church for ten years, she had never walked through the hallway before. She did not see the steps and did not know they were there. She fell down the steps and suffered the injuries for which she was awarded judgment.
It is clear that the status of Mrs. Hog-lund was that of a licensee.[1] Appellant’s *783 contention is that Mrs. Hoglund, being a mere licensee, was guilty of contributory negligence as a matter of law when she entered a totally dark hallway without being under any compulsion to do so and while in the hallway fell down two steps and was injured; thus, it is contended, defendant was entitled to a directed verdict.
At the outset it should be noted that while plaintiff’s status on the premises as a licensee determines the duty owed her by the defendant, her status as a licensee has no bearing on the question of whether plaintiff is guilty of contributory negligence as a matter of law.
In the case of Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116, Mr. Justice Thornal stated the general rule concerning one who enters a totally unfamiliar area in the darkness, in the following language:
“The applicable principles were reviewed in our opinion in Rubey v. William Morris, Inc., Fla.1953, 66 So.2d 218. We there gave full recognition to the general rule that one who enters a totally unfamiliar area in the darkness is not justified, in the absence of any special stress, in proceeding without first ascertaining whether there are any obstacles to his safe progress. The effect of this general rule is that the darkness, which precludes the effective use of one’s eyesight, is in and of itself sufficient warning to signal caution to one entering into an unfamiliar situation. Conversely, if a person under these circumstances fails to heed the signal, he is guilty of contributory negligence as a matter of law if injury ensues because of his own failure or disregard of reasonable caution for his own safety. Shearman and Redfield on Negligence, Vol. 1, Sec. 131, Rev.Ed. 1941; Norman v. Shulman, 150 Fla. 142, 7 So.2d 98. The basic essentials to the application of this general rule are: (1) darkness that makes ineffectual the normal use of one’s eyes, and (2) an unfamiliar area or situation wherein the injured person has no right to assume that his course is clear, unobstructed or without defect.”
After summarizing a number of prior decisions involving injuries to persons who had proceeded into an unfamiliar area in the darkness, Mr. Justice Thornal then stated, 93 So.2d at page 118:
“So it is that we detect the distinction illustrated by the cases summarized above. In sum, the rule is that unless a person has a right to expect or assume that the area over which he is passing is to be free of the defect or obstruction that produces his injury, he proceeds at his peril and as a matter of law is guilty of contributory negligence, if he moves into a strange and unfamiliar area in the darkness of night. It remains for us to apply the proper rule to the case before us.”
In attempting to apply the proper rule to the case before us, we conclude that the facts of this case place it squarely within the line of cases which have held the plaintiff guilty of contributory negligence as a matter of law when injured by proceeding into a strange and unfamiliar area in the darkness. It must be kept in mind that Mrs. Hoglund did not encounter an obstruction in the hallway such as existed in the case of Goldin v. Lipkind, Fla.1950, 49 So.2d 539, 27 A.L.R.2d 816, nor was she injured through any defect in the manner in which the steps were constructed or maintained. Her injury was caused solely by the existence of the steps. While it is true that Mrs. Hoglund was completely unaware of the existence of the steps, there is no basis either in the facts of this case or as a matter of law by which it can be said that Mrs. Hoglund had a right to expect or assume that the hallway into which she was entering would be free of steps. On the contrary, the courts have recognized that it is a matter of common knowledge that there are steps and changes in floor levels in many public places.[2] But, what is more *784 important in this case, the evidence was undisputed that Mrs. Hoglund had earlier negotiated two steps up to the level of the altar, and she was therefore on notice that somewhere she would have to step down two steps in order to get to the floor level which was common to the sanctuary and the social hall. Although this did not put her on notice that there were, in fact, steps, in the hallway, it did put her on notice that she had no right to expect or assume that the hallway would necessarily be level and free of steps down to the floor level of the social hall. Absent the right to expect or assume that the hallway would be free of steps, Mrs. Hoglund was guilty of contributory negligence as a matter of law when she fell down the steps in the darkness.
Being of this view, we hold that the trial court erred in denying defendant’s motion for directed verdict. The judgment is reversed and the cause remanded for entry of a judgment in favor of the defendant.
GONZALEZ, JOSE A., Jr., Associate Judge, concurs.
McCAIN, J., dissents, with opinion.

. McNulty v. Hurley, Fla.1957, 97 So.2d 185.

. Hoag v. Moeller, Fla.1955, 82 So.2d 138; Bowles v. Elkes Pontiac Co., Fla.1952, 63 So.2d 769; Matson v. Tip Top Grocery Co., 1942, 151 Fla. 247, 9 So.2d *784 366; Jahn v. Tierra Verde City, Fla.App.1964, 166 So.2d 768; Milby v. Pace Pontiac, Inc., Fla.App.1965, 176 So.2d 554.