246 So.2d 148 (1971)
Edna M. YODER, Appellant,
v.
Allen R. GREENWALD, Appellee.
No. 70-622.
District Court of Appeal of Florida, Third District.
March 9, 1971.
*149 Hawkesworth & Kay, Miami, for appellant.
Stephens, Demos, Magill & Thornton, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
HENDRY, Judge.
Edna M. Yoder, the appellant, sued the appellee Allen R. Greenwald for damages for personal injuries occasioned by a slip and fall during the evening on his premises in a common area of the apartment building where she was a tenant. A jury verdict was returned for appellant, but the trial court vacated the jury verdict and entered a final judgment for the appellee pursuant to appellee's motion for directed verdict at the conclusion of all the evidence. Rule 1.480, Florida Rules of Civil Procedure, 30 F.S.A.
Appellant contends that the court erred in finding that plaintiff was guilty of contributory negligence as a matter of law. We find merit in such contention and reverse the judgment and remand the cause.
Appellant, a lady in her late forties at the time of the accident, slipped and fell, apparently on a soda pop bottle, on the gravel path in a common area of the nineunit apartment building in which she had been a tenant for about a year. The common area contained mail boxes, garbage facilities, and a laundry machine. The fall occurred after dusk, when the defendant was returning to her apartment after disposing of her garbage. At that time certain lights in the garbage area were not functioning, and as to which condition appellant had complained to appellee. Allegedly a ceiling light near the area was also broken at that time. Admittedly, there were problems of garbage bags being left alongside the cans, but the tenants often picked up the overflow. The plaintiff usually took her garbage out in the morning; however, on the occasion in question she took it out at night, after walking her dog and doing a load or two of laundry in the same area before dark. At the time of the accident, the only light filtering into the area came through a decorative brick lattice at appellee's premises.
The general rule governing the instant case was stated in Brant v. Van Zandt, Fla. 1954, 77 So.2d 858, 861:
"* * * where a person proceeds in the dark but has a right reasonably to expect that the route ahead is free of the particular physical impediment which causes injury, it is for the jury to determine *150 from all the circumstances whether that person used due care. Rubey v. William Morris, Inc., [Fla. 1953, 66 So.2d 218], supra; Goldin v. Lipkind, [Fla. 1950, 49 So.2d 539, 27 A.L.R.2d 816], supra. But where a person has knowledge or notice of a particular physical impediment causing injury, he cannot be said to have a right to assume the place is safe. * * *"
Here the injury occurred on the gravel path, not on the concrete slab where the garbage cans and any overflow might reasonably be expected to be present. Also, appellant had traversed this general area many times both during that evening and during her tenancy, so that she was familiar with the area. Moreover, the appellant on that night had the choice of proceeding back to her ground level apartment without disposing of her refuse via a dimly lit route, assuming, as we must, that the ceiling light was functioning.
Florida has adopted the "step in the dark" minority rule of contributory negligence. The rule is that one who enters a totally unfamiliar area in the darkness is not justified, in the absence of any special stress, in proceeding without first ascertaining whether there are any obstacles to his safe progress. The basic essentials to the application of the rule are: (1) darkness that makes "ineffectual" the normal use of one's eyes, and (2) an unfamiliar area or situation wherein the injured person has no right to assume that his course is clear, unobstructed, or without defect. See Trinity Episcopal Church of Vero Beach v. Hoglund, Fla.App. 1969, 222 So.2d 781, 783 and authorities cited, and Annotation, 22 A.L.R.3d 286, 293-294 (1968). The "step in the dark" rule is here inapplicable because appellant was familiar with the path and had a right to assume it was clear.
We have examined the Florida slip and fall cases, as well as the annotations appearing at 25 A.L.R.2d 496 (1952), 26 A.L.R.2d 468 (1952), 22 A.L.R.3d 286 and 599 (1968) and 23 A.L.R.3d 441 (1969). We have also noted the Missouri cases of Gentili v. Dimaria, 89 S.W.2d 93 (St. Louis Ct.App., Mo., 1936) and Kratz v. Kinney, 41 S.W.2d 954 (St. Louis Ct.App., Mo., 1931). These Missouri cases do not state the law of Florida; Norman v. Shulman, 1942, 150 Fla. 142, 7 So.2d 98. However, the reasoning in those cases is instructive.
We have carefully analyzed the several factors listed in 22 A.L.R.3d 599 at 602, and explained in 22 A.L.R. 286 at 294 et seq. which appear to determine the results appellate courts have reached when confronted with analogous questions. We agree with the statement that
"One of the strongest cases for the plaintiff on the issue of contributory negligence in using a dark path is the combination of a familiar path and an unfamiliar defect. * * *" 22 A.L.R. 3d 509, at 603.
In the case sub judice, the plaintiff as a tenant was familiar with the gravel path, and had passed near it several times on the evening of the accident, when she had a legitimate reason for being in an area which was not totally dark. She fell over an object not reasonably expected to be there. The fall occurred when the defendant was returning to her apartment after disposing of her garbage some distance away from the refuse containers.
As this case will be remanded, it may be helpful to discuss § 509.221 (2), Fla. Stat., F.S.A., requiring, inter alia, proper lighting for public lodging. We express the view that the statute as applied to apartment buildings does not impose upon the landlord strict liability in tort upon a showing of a violation of the statute, but imposes a particular statutory standard of reasonable care, and therefore the statute does not vitiate the common law defenses of contributory negligence or assumption of risk. Richardson v. Fountain, Fla.App. 1963, 154 So.2d 709.
It is our view that the trial judge erroneously concluded that the appellant, plaintiff below, was guilty of contributory negligence as a matter of law. Therefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.
Reversed and remanded.