PER CURIAM.
The final summary judgment under review which was entered below in favor of the defendant Robert Gilbert and his insurer Highland Insurance Company is affirmed upon a holding that: (a) the defendant Gilbert as a landowner had no duty to warn the plaintiff Sylvia Schoen as a social guest in the defendant Gilbert’s home as to a six-inch drop between the foyer and living room of the defendant’s house into which the plaintiff slipped and fell, as a mere shift in the level of floors between two rooms in a house is not a dangerous condition requiring advance warning thereof; Hoag v. Moeller, 82 So.2d 138 (Fla.1955); Bowles v. Elkes Pontiac Co., 63 So.2d 769 (Fla.1953); General Development Corp. v. Doles, 309 So.2d 596 (Fla. 2d DCA 1975); Jahn v. Tierra Verde City, Inc., 166 So.2d 768 (Fla. 2d DCA 1964); Meyer v. Pitzele, 122 So.2d 228 (Fla. 3d DCA 1960); and (b) the fact that the foyer and living room herein were shrouded in semi-darkness at the time the plaintiff Sylvia Schoen slipped and fell did not elevate, in our view, the above natural drop-off into a dangerous condition requiring a warning thereof, as such semi-darkness was a factor which should have signaled caution to the plaintiff Sylvia Schoen and was relevant only as to said plaintiff’s comparative negligence. See e. g., Yoder v. Greenwald, 246 So.2d 148 (Fla. 3d DCA 1971); Trinity Episcopal Church of Vero Beach v. Hoglund, 222 So.2d 781 (Fla. 4th DCA 1969).
Affirmed.