DANIEL S. PEARSON, Judge,
dissenting.
I respectfully dissent. First, the majority’s decision is anachronous in light of this State’s adoption eight years ago of a comparative negligence rule. Second, the majority’s decision is unsound even when tested under the displaced law of contributory negligence.
A.
As is so explicit in Yoder v. Greenwald, 246 So.2d 148 (Fla. 3d DCA 1971), Florida’s “step in the dark” rule, namely, that one who enters a totally unfamiliar area in the darkness is not ordinarily justified in proceeding without first ascertaining whether there are obstacles to safe progress, is a rule of contributory negligence. Thus, in times past, a plaintiff whose behavior was within the parameters of this rule was barred from recovery, not because an obstacle in the dark was not a dangerous condition, but because the plaintiff’s negligence contributed, in some appreciable way, to cause the injury.
*130 In Hoffman v. Jones, 280 So.2d 431 (Fla.1973), the Florida Supreme Court abandoned the contributory negligence rule in favor of a rule of comparative negligence. Given that an obstacle in the dark is, and always has been, a dangerous condition, the question, since Hoffman v. Jones, is to what extent did the plaintiff’s negligence cause the injury. That question is one for a jury to answer.
This case is not unlike Ellis v. McCaskill, 382 So.2d 808 (Fla. 2d DCA), rev. denied, 389 So.2d 1112 (Fla.1980). There Mrs. Ellis, visiting her son’s new home for the first time, was given the traditional grand tour, which unfortunately included a six-to-eight-inch step-down in the garage. Mrs. Ellis failed to observe that the upper level of the garage floor had a two-inch red line painted along the edge. Otherwise, both levels of the floor were gray. The court held, inter alia, that whether the homeowner had a duty to warn Mrs. Ellis was a factual question to be decided by a jury. Significantly, the court in Ellis, reversing a summary judgment in favor of the defendants, rejected an entire line of cases which presumably would have sanctioned summary judgment because the exemption from liability in those cases was founded upon the now-extinct contributory negligence rule.
An obstacle in the dark is a hazard, whether obvious or not. Since obviousness relates to the plaintiff’s negligence, not the defendant’s, obviousness can no longer bar recovery as a matter of law. Metropolitan Dade County v. Yelvington, 392 So.2d 911 (Fla. 3d DCA), rev. denied, 389 So.2d 1113 (Fla.1980); Ferber v. Orange Blossom Center, Inc., 388 So.2d 1074 (Fla. 5th DCA 1980). Cf. Auburn Machine Works Co., Inc. v. Jones, 366 So.2d 1167 (Fla.1979) (under comparative negligence, the obvious danger of a product is a defense, not a bar to recovery). If taking the “step in the dark” is, alternatively, considered a risk assumed by the plaintiff, see Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980), the result is the same since, under comparative negligence, the doctrine of assumed risk is not a bar to recovery. Blackburn v. Dorta, 348 So.2d 287 (Fla.1977). In short, it appears that the “step in the dark” rule, as we once knew it, is no more, and its remnants will be found in instructions to the jury-
B.
The error of the majority is exacerbated by the fact that even under pre-compara-tive negligence law, Mrs. Schoen was entitled to have her case submitted to a jury.
Briefly, the facts before the trial court were that Mrs. Schoen and her husband were guests, for the first time, in Gilbert’s newly-acquired home; while the three were sitting in the kitchen, Gilbert asked Mrs. Schoen if she would like to see his living room; Mrs. Schoen assented, got up, and, unguided by Gilbert, who remained in the kitchen with Mr. Schoen, made her way into a foyer area darkened by drawn shades and shutters and then fell into the sunken and dark living room.
Under these circumstances, the cases relied on by the majority for the proposition that a mere difference in floor levels is not a dangerous condition requiring warning[1] are inapposite. Instead, because this was not just a difference in floor levels, but rather a difference in floor levels in a darkened area, the applicable rule in the days of contributory negligence was that “where a person proceeds in the dark but has the right reasonably to expect that the route ahead is free of the particular physical impediment which causes injury, it is for the jury to determine from all the circumstances whether that person used due care.” See Brant v. Van Zandt, 77 So.2d 858 (Fla.1955); Yoder v. Greenwald, supra. I think it is indisputable that Gilbert’s invitation to Mrs. Schoen to look at his living room, combined with his failure to accompany her or to light the area, created jury questions whether Mrs. Schoen had the right to rea *131 sonably expect that the course was clear and whether she used due care.
Accordingly, I would reverse the summary judgment for the defendants and remand the cause for trial.

. Compare, however, Milby v. Pace Pontiac, Inc., 176 So.2d 554 (Fla. 2d DCA 1965) (while an uneven level itself may not be dangerous, surrounding circumstances in a particular case may create a duty to warn).